**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LBS INNOVATIONS LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BP AMERICA INC., *et al.*,<br><br>      Defendants. | Civil Action No. 2:11-cv-407-DF<br><br>**<u>Jury Trial Demanded</u>** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR PATENT INFRINGEMENT</u>**

Plaintiff LBS Innovations, LLC files this First Amended Complaint against BP America Inc.; ConocoPhillips d/b/a ConocoPhillips Inc.; Choice Hotels International, Inc.; Costco Wholesale Corporation; Hyatt Corporation; KeyCorp; KeyCorp Finance Inc.; Marriott International, Inc.; McDonald's Corporation; Aldi Inc.; Bank of America Corporation; JP Morgan Chase & Co.; Giant Eagle, Inc.; H.E.B., Inc.; The Kroger Co.; Starbucks Corporation d/b/a Starbucks Coffee Co.; Target Corporation; U.S. Bancorp; Visa Inc.; Wal-Mart Stores, Inc.; and Wells Fargo & Company (collectively the "Defendants") and alleges as follows.

**PARTIES**

1.     Plaintiff LBS Innovations LLC ("LBSI") is a New Jersey Limited Liability Company with its principal place of business at 53 Ramapo Mountain Drive, Wanaque, New Jersey 07465.

2.     Upon information and belief, Defendant BP America Inc. ("BP") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 501 Westlake Park Boulevard, Houston, Texas  77079.  BP may be served with

process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

3.      Upon information and belief, Defendant ConocoPhillips dba ConocoPhillips Inc. ("ConocoPhillips") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 600 N. Dairy Ashford St., Houston, Texas  77079. ConocoPhillips may be served with process through its registered agent CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas  77002.

4.      Upon information and belief, Defendant Choice Hotels International, Inc. ("Choice Hotels") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 10750 Columbia Pike, Silver Spring, Maryland  20901.  Choice Hotels may be served with process through its registered agent United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

5.      Upon information and belief, Defendant Costco Wholesale Corporation ("Costco") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 999 Lake Dr., Suite 200, Issaquah, Washington 98027-8982.  Costco may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

6.      Upon information and belief, Defendant Hyatt Corporation ("Hyatt") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 71 S. Wacker Dr., Suite 1000, Chicago, Illinois  60606.  Hyatt may be served with process through its registered agent United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

7.      Upon information and belief, Defendant KeyCorp is a corporation organized and existing under the laws of the State of Ohio, and Defendant KeyCorp Finance Inc. is a corporation organized and existing under the laws of the State of Ohio.  These Defendants are collectively referred to herein as "KeyCorp."   Each of the KeyCorp entities has its principal place of business located at 127 Public SQ, Cleveland, Ohio  44114-1306.  Each entity may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

8.      Upon information and belief, Defendant Marriot International, Inc. ("Marriott") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 10400 Fernwood Rd., Bethesda, Maryland  20817.  Marriott may be served with process through its registered agent The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

9.      Upon    information    and    belief,    Defendant    McDonald's    Corporation ("McDonald's") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2111 McDonald's Dr., Oak Brook, IL  60523. McDonald's may be served with process through its registered agent The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

10.     Upon information and belief, Defendant Aldi Inc. ("Aldi") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1200 N. Kirk Road, Batavia, Illinois  60510.  Aldi may be served with process through its registered agent The Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, Nevada  89703.

11.     Upon information and belief, Defendant Bank of America Corporation ("Bank of America") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 401 North Tryon Street, NC1-021-02-20 LDG, Charlotte, North Carolina  28255-0001.  Bank of America may be served with process through its registered agent CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

12.     Upon information and belief, Defendant JPMorgan Chase & Co. ("Chase") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1 Chase Manhattan Plaza, Floor 59, New York, New York  10005-1401.  Chase may be served with process through its registered agent CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201.

13.     Upon information and belief, Defendant Giant Eagle, Inc. ("Giant Eagle") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 101 Kappa Drive, Pittsburgh, Pennsylvania  15238.  Giant Eagle may be served with process through its registered agent David Shapira, 101 Kappa Drive, Pittsburgh, Pennsylvania  15238.

14.     Upon information and belief, Defendant H.E.B., Inc. ("H.E.B.") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at P.O. Box 839999, San Antonio, Texas  78283-3999.  H.E.B. may be served with process through its registered agent Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

15.     Upon information and belief, Defendant The Kroger Co. ("Kroger") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of

business located at 1014 Vine Street, Cincinnati, Ohio  45202-1100.  Kroger may be served with process through its registered agent CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio  43215.

16.     Upon information and belief, Defendant Starbucks Corporation d/b/a Starbucks Coffee Co. ("Starbucks") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 2401 Utah Ave South, Seattle, Washington  98134.  Starbucks may be served with process through its registered agent Prentice-Hall Corporation System Inc., 400 N. St. Paul, Dallas, Texas  75201.

17.     Upon information and belief, Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota  55403-2467.  Target may be served with process through its registered agent CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201.

18.     Upon information and belief, Defendant U.S. Bancorp ("U.S. Bank") is a corporation organized and existing under the laws of the State of Minneapolis, with its principal place of business located at 800 Nicollet Mall, BC-MN-H19U, Minneapolis, Minneapolis 55402-7000.   U.S. Bank may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

19.     Upon information and belief, Defendant Visa Inc. ("Visa") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 595 Market Street, P.O. Box 8999, San Francisco, California  94128-8999.

Visa may be served with process through its registered agent CT Corporation System, 818 W. Seventh Street, Los Angeles, California  90017.

20.     Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business located at 702 Southwest 8th Street, #555, Bentonville, Arkansas  72716-6299. Wal-Mart may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201.

21.     Upon information and belief, Defendant Wells Fargo & Company ("Wells Fargo") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 420 Montgomery Street, San Francisco, California  94104. Wells Fargo may be served with process through its registered agent at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California  95833.

## JURISDICTION AND VENUE

22.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

23.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas.  Therefore, this Court has personal

jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

25.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

26.     On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 (the "'956 Patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

27.     LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

28.     Defendant BP has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website http://mybpstation.com/ which has a store, dealer,          or          station          location          interface          at http://www.bp.com/toolserver/heliospowertool/fuelStationSearch.do?categoryId=5580&contentId=0.

29.     Defendant ConocoPhillips has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website http://www.drivesavvy.com/,

which has a store, dealer, or station location interface at http://www.drivesavvy.com/sitelocator/usstorelocator.aspx.

30.     Defendant Choice Hotels has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website http://www.choicehotels.com/, and which has a store, dealer, or hotel location interface at http://www.choicehotels.com/, and its other related sites such as http://www.clarionhotel.com/.

31.     Defendant Costco has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.costco.com, and which has a store  or dealer location interface at http://www.costco.com/warehouse/locator.aspx.

32.     Defendant Hyatt has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.hyatt.com, and which has a store, dealer, or hotel location interface at http://www.hyatt.com/hyatt/features/index.jsp?type=clear, and for each state in which it is located, for example at http://www.hyatt.com/hyatt/features/hotel-search-results.jsp?Ntt=Texas,%20USA&_requestid=404810.

33.     Defendant KeyCorp has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.key.com, and which has a store, dealer, banking center location interface at https://www.key.com/gen/html/bank-branch-atm-location.html?entity=BRCH&entity=ATM.

34.     Defendant Marriott has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.marriott.com, which has a store, dealer, or hotel location interface at http://www.marriott.com/default.mi and http://www.marriott.com/search/default.mi.

35.     Defendant McDonald's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.mcdonalds.com, which has a store or dealer location interface at http://www.mcdonalds.com/us/en/restaurant_locator.html.

36.     Defendant Aldi has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.aldi.com, which has a store or dealer location interface at http://aldi.us/us/html/service/store_locator_ENU_HTML.htm?WT.z_src=main.

37.     Defendant Bank of America has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.bankofamerica.com, which has a store or dealer location interface at http://locators.bankofamerica.com/locator/locator/LocatorAction.do.

38.     Defendant Chase has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.chase.com, which has a store or dealer location interface at http://locator.chase.com.

39.      Defendant Giant Eagle has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.gianteagle.com, which has a store or dealer location interface at http://www.gianteagle.com/StoreLocator/Default.aspx.

40.      Defendant H.E.B. has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.heb.com, which has a store or dealer location interface at http://www.heb.com/find-a-store/find-a-store.jsp.

41.      Defendant Kroger has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.kroger.com, which has a store or dealer location interface at http://services.kroger.com/StoreLocator/StoreLocatorAdvanced.aspx.

42.      Defendant Starbucks has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.starbucks.com, which has a store or dealer location interface at http://www.starbucks.com/store-locator.

43.      Defendant Target has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.target.com, which has a store or dealer location interface at http://sites.target.com/site/en/spot/page.jsp?title=store_locator_new.

44.      Defendant U.S. Bank has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using

in the United States the computer implemented website www.usbank.com, which has a store or dealer location interface at http://www.usbank.com/locations/.

45.     Defendant Visa has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.usa.visa.com, which has a store or dealer location interface at http://visa.via.infonow.net/usa_atm/.

46.     Defendant Wal-Mart has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.walmart.com, which has a store or dealer location interface at http://www.walmart.com/storeLocator/ca_storefinder.do.

47.     Defendant Wells Fargo has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.wellsfargo.com, which has a store or dealer location interface at http://www.wellsfargo.com/locator.

48.     As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '956 patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

49.     The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

50.     This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and LBSI is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

51.     LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1.      Defendants have infringed the patent-in-suit;

2.      Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3.      Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4.      The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5.      Costs be awarded to Plaintiff; and

6.      Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 12, 2012                    Respectfully submitted,


                                            **BUETHER JOE & CARPENTER, LLC**

                                            By:   */s/ Christopher M. Joe*
                                                  Christopher M. Joe (Lead Counsel)
                                                  State Bar No. 00787770
                                                  Chris.Joe@BJCIPLaw.com
                                                  Eric W. Buether
                                                  State Bar No. 03316880
                                                  Eric.Buether@BJCIPLaw.com
                                                  Brian A. Carpenter
                                                  State Bar No. 03840600
                                                  Brian.Carpenter@BJCIPLaw.com
                                                  Mark D. Perantie
                                                  State Bar No. 24053647
                                                  Mark.Perantie@BJCIPLaw.com
                                                  Niky Bukovcan
                                                  WA State Bar No. 39403
                                                  Niky.Bukovcan@BJCIPLaw.com

                                                  1700 Pacific Avenue
                                                  Suite 2390
                                                  Dallas, Texas 75201
                                                  Telephone:     (214) 466-1272
                                                  Facsimile:     (214) 635-1828

                                            **ATTORNEYS FOR PLAINTIFF LBS
                                            INNOVATIONS LLC**


### CERTIFICATE OF SERVICE

         The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system per Local Rule CV-5(a) on this 12th day of January, 2012.  Any other counsel
of record will be served by facsimile transmission and first class mail.


                                            */s/ Christopher M. Joe*
                                            Christopher M. Joe

---