**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:11-CV-00407-MHS-CMC |
| | § | |
| BP AMERICA INC., ET AL. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION, AND U.S. BANCORP'S MOTION TO DISMISS OR SEVER FOR MISJOINDER AND NOTICE OF JOINDER IN DEFENDANTS KEYCORP, COSTCO WHOLESALE CORPORATION, AND MCDONALD'S CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................ 1

II. ARGUMENT .................................................................................................................... 2

    A. The AIA Governs LBS's Misjoinder of Movants in This Case............................. 2

        1. LBS "Commenced" Suit Against Movants After the Effective Date of the AIA's Joinder Provisions................................................................ 2

        2. LBS's Amended Complaint Does Not Relate Back to the Original Complaint........................................................................................... 4

    B. The AIA Prevents LBS From Joining Movants with Unrelated Defendants: Dismissal Pursuant to § 299 and Rule 21 is Appropriate ................. 7

III. CONCLUSION................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Adrain v. Genetec Inc.*,
   2009 WL3063414 (E.D. Tex. September 22, 2009) ................................................................9

*Alford Safety Services, Inc., v. Hot-Hed, Inc.*,
   2010 WL 3418233 (E.D. La. August 24, 2010)................................................................9, 10

*Arreola v. Godinez*,
   546 F.3d 788 (7th Cir. 2008) ..................................................................................................6

*Asher v. Unarco Material Handling, Inc.*,
   596 F.3d 313 (6th Cir. 2010) ..................................................................................................6

*Better Educ. Inc. v. Einstruction Corp.*,
   2010 WL 918307 (E.D. Tex. March 10, 2010).......................................................................9

*Body Science LLC v. Boston Scientific Corp.*,
   --- F. Supp. 2d ----, No. 11 C 03619, 2012 WL 718495 (N.D. Ill. Mar. 6, 2012) ..................10

*Brandywine Commc'ns Techs., LLC v. Apple Inc.*,
   No. 6:11–cv–1512–Orl–36DAB, 2012 WL 527180 (M.D. Fla. Feb. 17, 2012).......................9

*Braud v. Transp. Serv. Co. Of Ill.*,
   445 F.3d 801 (5th Cir. 2006) ........................................................................................3, 4, 6

*Coons v. Industrial Knife Co., Inc.*,
   620 F.3d 38 (1st Cir. 2010) ("The subdivisions of Rule 15(c) were renumbered in
   2007 but no substantive changes were made.") ......................................................................6

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
   2010 WL 3835762 (E.D. Tex. September 28, 2010) .........................................................9, 10

*Farina v. Nokia, Inc.*,
   625 F.3d 97 (3d Cir. 2010).......................................................................................................4

*Green v. Doe*,
   260 Fed. Appx. 717 (5th Cir. 2007).........................................................................................6

*LBS Innovations LLC v. Sally Beauty Supply LLC*,
   No. 2:11-cv-00409 ..................................................................................................................1

*Mannatech, Inc. v. Country Life, LLC*,
   2010 WL 2944574 (N.D. Tex. July 26, 2010) ........................................................................9

*Meijer, Inc. v. Biovail Corp.*,
    533 F.3d 857 (D.C. Cir. 2008) ............................................................................................7

*Miller v. M'Intyre*,
    31 U.S. 61 (1832) ................................................................................................................4

**MyMail, Ltd. v. America Online, Inc.**,
    223 F.R.D. 455 (E.D. Tex. 2004) .......................................................................................9

**Rudd v. Lux Products Corp.**,
    **2011 WL 148052 (N.D. Ill. January 12, 2011)** ............................................................10

*Schorsch v. Hewlett-Packard Co.*,
    417 F.3d 748 (7th Cir. 2005) ..............................................................................................4

*Sprint Communications Co. v. Theglobe.com, Inc.*,
    233 F.R.D. 615 (D. Kan. 2006) ..........................................................................................9

*U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*,
    501 F.3d 493 (6th Cir. 2007) ..............................................................................................7

*U.S. v. Martinez*,
    195 U.S. 469 (1904) ........................................................................................................3, 4

*Werner v. KPMG LLP*,
    415 F. Supp. 2d 688 (S.D. Tex. 2006) ................................................................................6

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) ............................................................................................7

**STATUTES**

35 U.S.C. § 299 ............................................................................................................... passim

35 U.S.C. § 299—Joinder ........................................................................................................7

CAFA .................................................................................................................................3, 4

Pub. L. 109-2, 119 Stat. 4 ........................................................................................................3

Pub. L. 112-29 (Sep. 16, 2011) ....................................................................................1, 2, 8, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(m) .............................................................................................................2, 5

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................11

Fed. R. Civ. P. 15 ............................................................................................................4, 6, 7

Fed. R. Civ. P. 15(c) ..................................................................................................5, 6, 7

Fed. R. Civ. P. 20........................................................................................................................9

Fed. R. Civ. P. 21 .............................................................................................................1, 7, 10

H.R. Rep. No. 112-98, pt. 1 (2011)........................................................................................9, 10

Rule 15(c)(1)(C)..........................................................................................................................6, 7

Rule 15(c)(1)(C)(i) ......................................................................................................................6

Rule 15(c)(1)(C)(ii)......................................................................................................................6

Rule 20(a)....................................................................................................................................9, 10

Pursuant to Fed. R. Civ. P. 21 and 35 U.S.C. § 299, Defendants Starbucks Corporation, Target Corporation, and U.S. Bancorp (collectively, "Movants") move to dismiss or to sever Plaintiff LBS Innovations LLC's ("LBS") claims against them for violation of the Leahy-Smith America Invents Act. LBS commenced this action against Movants after the effective date of this Act, and LBS's naming of Movants in a single suit with unrelated defendants violates the Act's misjoinder provisions.

Movants also respectfully request the Court take notice that Movants join in Part II.A of KeyCorp, Costco Wholesale Corporation, and McDonald's Corporation's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Insufficient Service of Process (Dkt. No. 57) ("KeyCorp's Motion to Dismiss"). Movants hereby incorporate by reference KeyCorp's Motion to Dismiss in its entirety. As discussed in Part II.A of KeyCorp's Motion to Dismiss, Plaintiff LBS Innovations LLC (a *New Jersey* LLC) does not own the patent-in-suit, and therefore lacks standing to maintain this lawsuit.

I.  BACKGROUND

On September 14, 2011, two days before the enactment of the Leahy-Smith America Invents Act ("AIA"), Pub. L. 112-29 (Sep. 16, 2011), Plaintiff LBS Innovations LLC ("LBS") filed suit against nine defendants alleging infringement of U.S. Patent No. 6,091,956 (the "'956 Patent"), entitled "Situation Information System." Dkt. No. 1. Four months later, well after the effective date of the AIA, LBS amended its complaint to drag twelve new defendants, including Movants, into the case. Dkt. No. 10. All of the defendants in the case are unrelated and unaffiliated. LBS took an identical approach in another co-pending case before this Court.[1]

---

[1] *LBS Innovations LLC v. Sally Beauty Supply LLC*, No. 2:11-cv-00409. In the Sally Beauty case, LBS filed an initial complaint on September 14, 2011 naming six defendants and then filed an amended complaint on January 12, 2012, identifying nine new defendants. Dkt Nos. 1, 9.

1

LBS's file early, add defendants later strategy was undoubtedly designed to circumvent the new misjoinder provisions of the AIA which prohibit the joinder of numerous unrelated defendants in the same lawsuit. LBS filed its placeholder lawsuit just before enactment of the AIA. Once the placeholder suit was filed, LBS did *nothing* to move the ball forward with respect to the originally named defendants.[2] It was not until four months later, long after the enactment of the AIA, that LBS added Movants and a host of other defendants to its placeholder lawsuit.

LBS should have figured out who it wanted to sue *before* originally bringing suit. And if LBS wanted to sue Movants without being burdened by the provisions of the AIA, it should have sued Movants before the AIA went into effect. Because LBS commenced this action against Movants after the AIA became effective, the new misjoinder provisions mandate dismissal of Movants from the case, or at least severance of LBS's claims against each of them.

## II.     ARGUMENT

### A.     The AIA Governs LBS's Misjoinder of Movants in This Case

#### 1.     LBS "Commenced" Suit Against Movants After the Effective Date of the AIA's Joinder Provisions

The AIA unequivocally states that the new joinder provisions in 35 U.S.C. § 299 "shall apply to any civil action commenced on or after the date of the enactment of this Act." Pub. L. No. 112-29, § 19(e), 125 Stat. 284, 333. The AIA was enacted on September 16, 2011. On January 12, 2012, four months after enactment of the AIA, LBS commenced suit against Movants by adding them as defendants in an amended complaint. Dkt. No. 10.

---

[2] LBS did not serve the original named defendants within 120 days as required by Fed. R. Civ. P. 4(m). *See* Dkt. No. 57, Part II.B (seeking dismissal based on LBS's failure to effect timely service of the original named defendants).

The date a suit is *commenced* with respect to a particular party depends on when that party was brought into the suit. More than a century ago, the U.S. Supreme Court explained this common sense principle:

> A party brought into court by an amendment, and who has for the first time an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court.

*U.S. v. Martinez*, 195 U.S. 469, 473 (1904). *See also, e.g., Braud v. Transp. Serv. Co. Of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006) (citing and discussing *Martinez*).

LBS cannot backdate its amended complaint to circumvent the AIA. The Fifth Circuit rejects attempts to circumvent new laws by adding new defendants to cases filed before enactment. In *Braud*, the Fifth Circuit addressed a nearly identical issue to that posed here:

> This case presents an issue of first impression for this court: ***whether amending a complaint to add a defendant "commences" a new suit*** under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4. ***We answer in the affirmative*** and, for that reason, we reverse the district court's order of remand, and we remand to that court for further proceedings.

*Braud*, 445 F.3d at 802 (emphasis added). In *Braud*, a defendant, Ineos, was added via an amended complaint filed after the enactment of CAFA. *Id.* Ineos took advantage of a CAFA provision to remove the case to federal court. *Id.* The district court, however, remanded the case to state court, holding that CAFA did not apply because the *original complaint* was filed prior to CAFA's enactment. *Id.* at 802-803. The Fifth Circuit reversed, holding that CAFA did apply since the *amended complaint* adding Ineos as a new defendant was filed after CAFA's enactment. *Id.* at 802.

The *Braud* court rejected the plaintiffs' attempt to frame the issue as whether CAFA applied retroactively to suits filed prior to its enactment. "[T]he issue is not whether CAFA should apply to suits 'commenced' before [its enactment date], but whether the addition of a new

3

defendant 'commences' a new suit." *Id.* at 804. The court then noted that CAFA included no provision intended to override the general rule that a suit is commenced with respect to a defendant when that defendant is actually brought into the case. *Id.* (quoting *Martinez*, 195 U.S. at 473). "As the [Supreme] Court explained, this is because it 'would be novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice.'" *Id.* (quoting *Miller v. M'Intyre*, 31 U.S. 61 (1832)). The *Braud* court then held that "amendments that add a defendant 'commence' the civil action as to the added party." *Id.* at 804. *Accord Farina v. Nokia, Inc.*, 625 F.3d 97 (3d Cir. 2010) ("Because the Second Amended Complaint was filed after the enactment of CAFA, Farina's claims became subject to its provisions."); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) ("[A] defendant added after [CAFA's enactment date] could remove [to federal court] because suit *against it* would have been commenced after the effective date . . . .") (emphasis in original).

Accordingly, the AIA applies to Movants because LBS "commenced" the action against them after the enactment of the AIA. As discussed below, under the AIA, LBS misjoined the Movants and the case against each Movant should be dismissed, or at least the claims against each Movant should be severed from this case into separate cases against each Movant.

### 2. LBS's Amended Complaint Does Not Relate Back to the Original Complaint

Because LBS commenced its action against the Movants after the effective date of the AIA, this case should be dismissed or the actions against each Movant severed, and further analysis of the "relation back" prong of Fed. R. Civ. P. 15 is not necessary. *See Braud*, 445 F.3d 806 (CAFA was applicable based on the post-enactment *commencement* of the lawsuit as to Ineos "even absent any discussion of 'relation back.'"). Nevertheless, even under a "relation

4

back" analysis, the AIA is applicable and the cases against each Movant should be dismissed or severed.

Fed. R. Civ. P. 15(c) defines limited circumstances in which "[a]n amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). Although rule 15(c) is typically applied to determine whether or not a statute of limitations bars the addition of a new defendant or a new claim added in an amended pleading, the rule is instructive in the present context as well. In particular, the AIA is applicable to Movants because LBS's post-AIA amended complaint bringing Movants into the case does not relate back to the date of LBS's pre-AIA original complaint under Rule 15(c).

Rule 15(c)(1) includes three prongs:

> *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

If any of the three prongs is satisfied, the amended pleading relates back to the date of the original pleading. However, when an amended complaint *adds a new defendant* (as opposed to a

new claim against an existing defendant), the only prong which can permit relation back is the third prong—15(c)(1)(C). *Braud*, 445 F.3d at 806 ("Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)[(1)(C)]³ applies.") (citing *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702 & n.14 (S.D. Tex. 2006)). *Accord Green v. Doe*, 260 Fed. Appx. 717, 718-19 (5th Cir. 2007); *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010) ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a *new party*.") (emphasis in original); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("We note [that the amended pleading] did not change the party or the naming of the party *against whom* the claim was asserted, and thus there is no problem under Rule 15(c)(1)(C)") (emphasis in original).

      LBS's amended complaint adds new defendants, but it fails to satisfy Fed. R. Civ. P. 15(c)(1)(C ). First, Movants did not receive notice of the action within 120 days of the filing of the original complaint as required by Rule 15(c)(1)(C)(i). As noted above, LBS did not even serve those defendants it *did* name in the original complaint by the 120 day deadline. Second, Movants did not know, nor should they have known, that they would have been sued "but for a mistake concerning the proper party's identity" as required by Rule 15(c)(1)(C)(ii). Here there was no mistake as to a proper party's identity. Rather, LBS simply added several brand new defendants which are unrelated to the originally named defendants. Movants could not have possibly known they would be dragged into the case through an amended complaint.

      Third, the claims asserted in the amended complaint do not "ar[i]se out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"

---

[3] Following minor amendments to Fed. R. Civ. P. 15 in 2007 and 2009, the third prong referred to as "15(c)(3)" in *Braud*, is now 15(c)(1)(C). *See Coons v. Industrial Knife Co., Inc.*, 620 F.3d 38, 42 n.5 (1st Cir. 2010) ("The subdivisions of Rule 15(c) were renumbered in 2007 but no substantive changes were made.").

as required by Rule 15(c)(1)(B) and incorporated as a requirement into Rule 15(c)(1)(C). The touchstone of the same "conduct, transaction or occurrence" test in Rule 15 is whether the original pleading gave defendants reasonable notice as to the claims added in the amended pleading. *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008) ("The underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint."); *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 n.9 (9th Cir. 2008) ("The requirement that the allegations in the amended complaint arise from the same conduct, transaction, or occurrence is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading"); *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) ("The Court gives content to those terms not by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading."). LBS's original complaint briefly set forth infringement allegations against a handful of defendants that are unrelated to Movants. As such, even if Movants had a reason to look at LBS's original complaint, it would not have put them on notice as to LBS's infringement allegations against them.

Because LBS's amended complaint adding Movants as new defendants does not relate back to the pre-AIA filing date of the original complaint, the AIA is applicable.

### B. The AIA Prevents LBS From Joining Movants with Unrelated Defendants: Dismissal Pursuant to § 299 and Rule 21 is Appropriate

35 U.S.C. § 299—Joinder of Parties—reads as follows:

> (a) JOINDER OF ACCUSED INFRINGERS.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be

> joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> >
> > (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) ALLEGATIONS INSUFFICIENT FOR JOINDER.—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
>
> (c) WAIVER.—A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

Pub. L. No. 112-29, § 19(a), 125 Stat. 284, 332-33.

Joinder of Movants with one another or with the original named defendants violates these joinder provisions. For joinder to be proper, § 299(a)(1) requires that the claims against the defendants result from the "same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." LBS has not met this statutory requirement. LBS accuses each Movant of independently infringing the patent-in-suit based on their separate store locators found on their separate websites. *See* Dkt. No. 10, ¶¶ 28-47. LBS has not alleged that Movants were involved in any transaction or occurrence with one another. Nor has LBS alleged that Movants acted in concert or controlled or directed one another's conduct. Movants are separate companies that have separate store locators on their separate websites.

What LBS has done is what § 299(b)—*Allegations Insufficient for Joinder*—expressly prohibits. LBS has joined numerous, unrelated defendants in one action "based solely on allegations that they each have infringed the patent or patents in suit." Pub. L. No. 112-29, § 19(a), 125 Stat. 284, 332-33 (§ 299(b)); *see also Brandywine Commc'ns Techs., LLC v. Apple Inc.*, No. 6:11–cv–1512–Orl–36DAB, 2012 WL 527180, at *1 (M.D. Fla. Feb. 17, 2012) ("Although [the AIA] became effective following the filing of this action, the Court agrees that the severance of these claims is consistent with the Act, wherein the first element of Rule 20's joinder test is not satisfied when unrelated defendants are accused of independently infringing on the same patent."). Under the AIA, Movants cannot be "joined in one action as defendants ..., or have their actions consolidated for trial." Pub. L. No. 112-29, § 19(a), 125 Stat. 284, 332-33 (§ 299(b)).

In the past, certain courts have permitted joinder of unrelated defendants based on allegations that they infringe the same patent. However, the joinder provisions enacted through the AIA were intended to, and do in fact "legislatively abrogate" that interpretation of Fed. R. Civ. P. 20 in patent cases. H.R. Rep. No. 112-98, pt. 1, at 55 n.61 (2011). The House Report explains that the AIA "addresses problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement." *Id.* at 54. More explicitly, the House Report states:

> ***Section 299 legislatively abrogates the construction of Rule 20(a) adopted in MyMail, Ltd. v. America Online, Inc.***, 223 F.R.D. 455 (E.D. Tex. 2004); *Sprint Communications Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006); *Adrain v. Genetec Inc.*, 2009 WL3063414 (E.D. Tex. September 22, 2009); *Better Educ. Inc. v. Einstruction Corp.*, 2010 WL 918307 (E.D. Tex. March 10, 2010); *Mannatech, Inc. v. Country Life, LLC*, 2010 WL 2944574 (N.D. Tex. July 26, 2010); *Alford Safety Services, Inc., v. Hot-Hed, Inc.*, 2010 WL 3418233 (E.D. La. August 24, 2010); and *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762

> (E.D. Tex. September 28, 2010)—*effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions. See generally Rudd v. Lux Products Corp., 2011 WL 148052 (N.D. Ill. January 12, 2011)*.

*Id.* at 55 n.61 (emphasis added). In *Rudd*, which the House Report cites with approval, the court explained that "a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent." *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011); *see also Body Science LLC v. Boston Scientific Corp.*, --- F. Supp. 2d ----, No. 11 C 03619, 2012 WL 718495, at *4 (N.D. Ill. Mar. 6, 2012) ("Indeed, through the enactment of the Leahy-Smith America Invents Act, Congress abrogated the minority view and indicated that it favors the policy set forth in *Rudd*. . . . In rejecting the minority view, Congress cited this District as following the majority view and stated that the views in *Alford Safety Services, Inc.* and *Eolas Technologies, Inc.*, upon which Plaintiff relies, were in the minority.") (citations omitted).

Because the AIA prohibits the joinder of unrelated defendants in one action "based solely on allegations that they each have infringed the patent or patents in suit," Movants should be dismissed from the instant case. At the very least, pursuant to Fed. R. Civ. P. 21, LBS's claims against each Movant should be severed. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

## III.   CONCLUSION

For the reasons stated above, this case should be dismissed pursuant to 35 U.S.C. § 299 and Fed. R. Civ. P. 21. In the alternative, LBS's claims with respect to each Movant should be severed into separate actions against each Movant.

Furthermore, because Plaintiff LBS Innovations LLC (a *New Jersey* LLC) lacks standing as set forth in Part II.A of KeyCorp's Motion to Dismiss (Dkt. No. 57), in which Movants join, the entire case should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: March 22, 2012                              Respectfully submitted,

                                                   */s/ Matthew C. Bernstein*
                                                   *(with permission by Jennifer P. Ainsworth)*
                                                   Matthew C. Bernstein
                                                   Lead Attorney
                                                   CA State Bar No. 199240
                                                   mbernstein@perkinscoie.com
                                                   Ryan B. Hawkins
                                                   CA State Bar No. 256146
                                                   rhawkins@perkinscoie.com
                                                   Patrick J. McKeever
                                                   CA State Bar No. 268763
                                                   pmckeever@perkinscoie.com
                                                   PERKINS COIE LLP
                                                   11988 El Camino Real, Suite 200
                                                   San Diego, CA 92130-3334
                                                   Tel: 858-720-5700
                                                   Fax: 858-720-5799

                                                   Jennifer P. Ainsworth
                                                   TX State Bar No. 00784720
                                                   WILSON ROBERTSON & CORNELIUS, P.C.
                                                   909 ESE Loop 323, Suite 400
                                                   Tyler, TX  75701
                                                   Phone: (903) 509-5000
                                                   Fax:  (903) 509-5092
                                                   jainsworth@wilsonlawfirm.com

                                                   ATTORNEYS FOR DEFENDANTS
                                                   STARBUCKS CORPORATION, TARGET
                                                   CORPORATION, AND U.S. BANCORP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 22, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth