**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 2:11-cv-00407-MHS-CMC |
| v. | § | |
| | § | Jury Trial Demanded |
| BP AMERICA, INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF LBS INNOVATIONS, LLC'S RESPONSE IN OPPOSITION
TO DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION,
U.S. BANCORP'S, AND OTHER JOINING DEFENDANTS'
MOTION TO DISMISS OR SEVER FOR MISJOINDER**

---

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe (Lead Counsel)
Eric W. Buether
Brian A. Carpenter
Niky Bukovcan
Mark A. Perantie
Monica Tavakoli

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone:     (214) 466-1272
Facsimile:      (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
LBS INNOVATIONS, LLC**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

III.   ARGUMENTS.................................................................................................... 5

A.    The Defendants Were Properly Joined Under Rule 20........................................... 5

B.    The Leahy-Smith America Invents Act Does Not Apply....................................... 6

      1.    The Proper Joinder of the Second Moving Defendants does not
            Constitute Commencement of a New Action ............................................. 7

      2.    The AIA Does Not Apply Retroactively ................................................... 9

C.    Judicial Economy is Better Served by Denying Defendants' Motion ................. 10

IV.   CONCLUSION................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Advanced Cartridge Tech., LLC v. Lexmark Int'l Inc.*,
    2011 U.S. Dist. LEXIS 146942 (M.D. Fla. Dec. 21, 2011)............................................. 10

*Braud v. Tranp. Serv. Co. of Ill.*,
    445 F.3d 801(5th Cir. 2006) ....................................................................................... 8, 9

*Byrne v. Wood*,
    2012 U.S. App. LEXIS 6021(Fed. Cir. March 22, 2012) ................................................7

*Dominion Exploration & Prod., Inc., et al. v. Ameron Int'l Corp.*,
    2007 U.S. Dist. LEXIS 87476 (E.D. La. Nov. 27, 2007) ..................................................8

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
    2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010) ............................................ 11

*Estes v. Lyons Workspace Products*,
    2010 U.S. Dist. LEXIS 59954 (S.D. Miss. May 28, 2010)................................................8

*Ganas, LLC v. Sabre Holdings Corp.*,
    No. 2:10-CV-320 (E.D. Tex. Oct. 19, 2011) ..........................................................7, 9, 10

*Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*,
    2012 U.S. Dist. LEXIS 3191 (E.D. Pa. Jan. 10, 2012) ................................................... 10

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
    2012 U.S. Dist. LEXIS 10333 (E.D. Tex. Jan. 20, 2012)................................. 1, 2, 5, 6, 7

*Kilts Resources LLC v. Uniden Direct in USA, Inc.*,
    2011 U.S. Dist. LEXIS 131592 (E.D. Tex. Sept. 19, 2011) ........................................... 10

*Landgraf v. Usi Film Prods.*,
    511 U.S. 244 (U.S. 1994).................................................................................................9

*Leal v. Gov't Employees Ins. Co.*,
    2009 U.S. Dist. LEXIS 116070 (S.D. Tex. Dec. 14, 2009)..............................................8

*Lektron, Inc. v. GE Lighting, Inc.*,
    2012 U.S. Dist. LEXIS 45234 (N.D. Okla. Mar. 30, 2012)........................................... 10

*Martin v. Hadix*,
    527 U.S. 343 (1999) ......................................................................................................... 9

*MyMail, LTD v. America Online, Inc.*,
    223 F.R.D. 455, 474 (E.D. Tex. Sept. 2, 2004) ........................................ 2, 5, 6, 9, 10, 12

*Nolen v. Lufkin Industries, Inc.*,
    2012 U.S. App. LEXIS 2000 (Fed. Cir. Feb. 1, 2012) .................................................. 10

*Parallel Networks, LLC v. Abercrombie& Fitch*,
    No.6:10-CV-111 (E.D. Tex. August 12, 2011) ............................................................. 11

*Rudd v. Lux Prods. Corp.*,
    No. 09-CV-6957, 2011 U.S. Dist. LEXIS 4804 (N.D. Ill. Jan. 12, 2011) ...................... 10

*Seefield v. Grey Wolf, Inc.*,
    2009 U.S. Dist. LEXIS 3330 (W.D. La. Jan. 19, 2009) .................................................. 9

*Softview LLC v. Apple Inc.*,
    2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011) ............................................... 7, 8

*Uniloc USA, Inc. v. Sony Corporation of America*,
    No. 6:10-CV-373 (E.D. Tex. Nov. 3, 2011) .................................................................. 11

*Vosk Int'l Co. v. Zao Gruppa Predpriyatij*,
    2012 U.S. Dist. LEXIS 42137 (W.D. WA March 27, 2012) ……………………………7

## <u>Statutes</u>

28 U.S.C. § 1446 ..................................................................................................................... 8

35 U.S.C. § 292 ..................................................................................................................... 10

35 U.S.C. § 299 ............................................................................................................ 6, 10, 11

Fed. R. Civ. P. 3 ...................................................................................................................... 7

Fed. R. Civ. P. 15 .................................................................................................................... 2

Fed. R. Civ. P. 20 .................................................................................................. 1,2, 5, 6, 8, 10

Fed. R. Civ. P. 21 ................................................................................................... 1, 2, 5, 6, 8

Fed. R. Civ. P. 42 .................................................................................................................. 12

Pending before the Court are Defendants' motions to (1) Dismiss for Lack of Subject Matter Jurisdiction and Insufficient Service of Process [Dkt. 57] and (2) Dismiss or Sever for Misjoinder [Dkt. 68].  Defendants Keycorp, Costco Wholesale Corporation, and McDonald's Corporation originally filed Dkt. 57 and Defendants Choice Hotels International, Inc., Hyatt Corporation, Starbucks Corporation, Target Corporation, U.S. Bancorp, Wal-Mart Stores, Inc., Kroger Company, BP America Inc., and Aldi, Inc. (collectively "First Moving Defendants") have since joined in that motion.  *See* Dkt. Nos. 57, 64, 72, 79, 89, 93 and 102.  Defendants Starbucks Corporation, Target Corporation, and U.S. Bancorp's originally filed Dkt. 68 and Defendants Wal-Mart Stores, Inc. and Kroger Company (collectively "Second Moving Defendants") have since joined in that motion.  *See* Dkt. Nos. 68, 79, and 89.  Plaintiff LBSI Innovations LLC's ("LBSI") response to each motion is filed separately and addresses all Defendants who have originally moved or joined in each motion.

Accordingly, pursuant to Federal Rule of Civil Procedure 20 and 21, LBSI hereby responds to and requests that the Court deny the Second Moving Defendants' Motion to Dismiss or Sever for Misjoinder and alleges as follows:

## I.   INTRODUCTION

The Second Moving Defendants seek to create seven separate actions, shredding any notions of preserving judicial economy.  These Defendants allege that they have been improperly joined under the Leahy-Smith America Invents Act Pub. L. 112-29, § 19, 125 Stat. 284 (2011) ("AIA") and/or FED. R. CIV. P. 20 and 21.  Their request for dismissal or severance constitutes an impermissive retroactive application of the AIA.

In this District, the Court has repeatedly held that joiner of defendants in patent cases is proper where the accused instrumentalities are not "dramatically different" and defendants' liability "will involve substantially overlapping questions of law and fact."  *Imperium (IP)*

*Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 U.S. Dist. LEXIS 10333, at *8 (E.D. Tex. Jan. 20, 2012). Such is the case here. Each Defendant in this case has been accused of infringing the same patent through their respective online store, dealer, or station location interfaces that are implemented using substantially the same, if not identical, technologies.

The Defendants disregard this Court's long standing interpretation of Rule 20 and seek instead dismissal of the entire action with prejudice, even as to the originally named Defendants, where Rule 21 expressly states that dismissal is not an available remedy for misjoinder. Even severance of the claims against the parties is improper given the inapplicability of the AIA and this Court's holding in *MyMail*. The Defendants' motion should be denied.

## II. BACKGROUND

LBSI commenced the present action on September 14, 2011, when it filed its complaint against ten defendants for infringement of U.S. Patent No. 6,091,956 ("the '956 Patent"), entitled "Situation Information System." *See* Dkt. No. 1. As authorized under FED. R. CIV. P. 15 (a), it then amended the complaint on January 12, 2012, properly joining twelve other Defendants, including the Second Moving Defendants. *See* Dkt. No. 10. At the time of the filing of its amended complaint, no defendant had filed an answer or otherwise responded to the complaint.

The invention disclosed in the '956 Patent relates to a "system for providing services and time-critical information about places and events" to users of computer devices. '956 Patent at Abstract. In particular, the claimed "Situation Information System" pertains to "information about events or conditions associated with places," which the user of a computer device may encounter or consider visiting. '956 Patent, Col. 4:33-47. For example, "the situation information system provides users with up-to-date map-tracking information relating their location to events and situations as well as enabling them to respond in a timely manner." Col. 4:48-51.

All of the Defendants' computer implemented websites have store, dealer, or station location interfaces that fall squarely within the claimed method of the '956 Patent.  For example, Defendants Starbucks Corporation and Target Corporation each provide websites with store location interfaces at http://www.starbucks.com/store-locator and http://sites.target.com/site/en/spot/page.jsp?title=store_locator_new respectively.  The following screenshots from these interfaces demonstrates the similarities between the accused instrumentalities:



*http://www.starbucks.com/store-locator*



*http://sites.target.com/site/en/spot/search_results.jsp?&mapType=enhanced&startAddress=75219&startingLat=32.805442810058594&startingLong=-96.81503295898438&_requestid=510457*

All of the other Defendants' websites provide similar technologies.[1]  Although each Defendant's location interface is customized, the differences only reflect stylistic preferences and Defendant specific information.  Thus, all Defendants infringe the '956 Patent in substantially the same manner.

As with other such cases filed in the Eastern District of Texas, the present action has proceeded according to the Federal Rules of Civil Procedure as well as the Local Civil and Patent Rules.  Joining all Defendants in this action in one venue has preserved judicial economy and allowed for effective management of a complex patent litigation matter.

---

[1] *See, e.g.,* U.S. Bancorp, Wal-Mart Stores, Inc., and Kroger Company's location interfaces at http://www.usbank.com/locations/; http://www.walmart.com/storeLocator/ca_storefinder.do; and http://services.kroger.com/StoreLocator/StoreLocatorAdvanced.aspx respectively.

## III.  ARGUMENTS

### A.     The Defendants Were Properly Joined Under Rule 20

Joinder of defendants is proper if (A) "any right to relief  asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (B) "any question of law or fact common to all defendants will arise in the action."   FED. R. CIV. P. 20(a)(2).  In this jurisdiction, the assertion of the same patent-in-suit against multiple, unrelated defendants is enough to satisfy Rule 20. *MyMail, LTD v. America Online, Inc.*, 223 F.R.D. 455, 474-475 (E.D. Tex. Sept. 2, 2004) (finding that an argument against joining defendants who have infringed the same patent "is a hyper-technical [interpretation] that perhaps fails to recognize the realities of complex, and particularly patent, litigation").  Courts in this District have "consistently held that transactions or occurrences satisfy the series of transaction or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences." *Imperium*, 2012 U.S. Dist. LEXIS 10333, at *8.  Joinder is proper where the accused instrumentalities are not "dramatically different" and defendants' liability "will involve substantially overlapping questions of law and fact." *Id.*

Here, each of the named Defendants' accused location interfaces infringes the '956 Patent in substantially the same manner.  They provide similar features and functionalities and rely on the same (and in some cases identical) technology for implementation of their location interfaces.  The Defendants' liability also involves common questions of law under Title 35 and litigation would proceed against all in accordance with the Federal Rules of Civil Procedure and the Court's Local Civil and Patent Rules.   The accused instrumentalities are not so dramatically different from one another as to merit severance of the claims.  However, the Second Moving Defendants contend that they have been misjoined because the only common question shared by

all defendants is that they are accused of infringing the same patent.  Motion at 9.  To support their contention, the Second Moving Defendants incorrectly apply the AIA.  In this Circuit and particularly in the Eastern District of Texas, the Court's ruling in *MyMail* is controlling and correctly interprets Rule 20 where an action has commenced prior to enactment of the AIA.  *See Imperium*, 2012 U.S. Dist. LEXIS 10333, at *10-11, n. 2 (refusing to apply the AIA where the action was filed prior to the enactment of the statute).

Additionally, the Second Moving Defendants contend that the entire action should be dismissed with prejudice as a result of an alleged misjoinder.  Motion at 1; Proposed Order.  Such requests have no basis in law and constitute overreaching assertions that do nothing but waste time and resources and prevent this case from moving forward.  Rule 21 expressly states that "[m]isjoinder of parties is not a ground for dismissing an action."  Even severance of the claims against the parties is improper given the inapplicability of the AIA and this Court's holding in *MyMail*.

### B.      The Leahy-Smith America Invents Act Does Not Apply

The AIA, codified at 35 U.S.C. § 299, applies only to a "civil action commenced **on or after** the date of the enactment of [the] Act."  35 U.S.C. § 299 (e) (emphasis added).  On September 16, 2011, President Barack Obama signed the AIA into law.  Pub. L. 112-29, § 19, 125 Stat. 284 (2011).  This fact is explicitly clear and undisputed.  Motion at 2.  The Second Moving Defendants cannot and do not contest that this action commenced *prior to* enactment of the AIA.  They, however, ask for a retroactive application of the AIA and contend that because

they were joined in the action after its enactment, any claims against them constitutes a new action that implicates § 19 of the AIA.  Such arguments fail.[2]

### 1.     The Proper Joinder of the Second Moving Defendants does not Constitute Commencement of a New Action

A civil action is commenced by filing a complaint with the court.  FED. R. CIV. P. 3. When LBSI filed its complaint on September 14, 2011, it properly commenced an action.  This Court has held that the AIA is not applicable to cases commenced prior to the enactment of the AIA.  *Ganas, LLC v. Sabre Holdings Corp.*, No. 2:10-CV-320, Dkt. 405, at 15-16 (E.D. Tex. Oct. 19, 2011) (J. Folsom).

Courts that have analyzed the applicability of the AIA have held that "commencement" is synonymous with "initiation" or the first filing of the complaint.  For example, in *Byrne v. Wood*, 2012 U.S. App. LEXIS 6021, at *13-14, n. 1 (Fed. Cir. March 22, 2012), the Federal Circuit refused to apply the AIA because certain provisions are "effective only for actions commenced on or after the date of its enactment, which postdates the initiation of the present litigation."  *Id.* (emphasis added).  In *Imperium*, this Court refused to apply the joinder provision of the AIA where the "action was commenced on March 30, 2011 (Dkt. #1) [original complaint], prior to the effective date of the Act on September 16, 2011."  *Imperium*, 2012 U.S. Dist. LEXIS 10333, at *10, n. 2.  In *Vosk Int'l Co. v. Zao Gruppa Predpriyatij*, No. C11-1488RSL, 2012 U.S. Dist. LEXIS 42137, at *5-6, n. 4 (W.D. WA Mar. 27, 2012), the court there held that the AIA is inapplicable because the "Plaintiff commenced this civil action on September 9, 2011," the date of filing of the complaint.

---

[2] Defendants also spend much time discussing the Relation Back Doctrine.  However, as they themselves concede, that Doctrine is "applied to determine whether or not a statute of limitations bars the addition of a new defendant or a new claim added in an amended pleading," Motion at 5, and is inapplicable here.

Similarly, the filing of an amended complaint does not constitute commencement of an entire new action that implicates the joinder provision of the AIA.  *See Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011).  In *Softview*, the court declined to grant a motion for reconsideration where the plaintiff had been given the right to amend its complaint to add new defendants after enactment of the AIA.  *Id.* at *5-6.  The court explicitly stated that "even crediting Defendants' argument that the new statutory provision 'clarifies' the application of Rule 20(a)(2)(A) in circumstances such as those presented here, the provision is not 'an intervening change in controlling law'" that applies to cases filed prior to enactment of the statute.  *Id.*  The same standard applies here.

To support their contention, the Defendants cite *Braud v. Tranp. Serv. Co. of Ill.*, 445 F.3d 801, 804-06 (5th Cir. 2006).  There, the court addressed the <u>specific issue</u> of whether the Class Action Fairness Act of 2005 ("CAFA") dealing with removal of an action to federal court was implicated when new defendants were added to an amended complaint.   *Id.* at 802.  Applying state law, the court justified classifying the addition of a new defendant as commencement of a new suit because CAFA does not define when an action commences and because 28 U.S.C.  § 1446(b) allows for removal of a previously non-removable case "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading."  *Id.* at 804-06 (citing 28 U.S.C. § 1446(b)); *see also Leal v. Gov't Employees Ins. Co.*, 2009 U.S. Dist. LEXIS 116070 (S.D. Tex. Dec. 14, 2009).

*Braud* "has never been applied outside the CAFA context.  Other district courts within the Fifth Circuit have confined *Braud* to CAFA cases."  *Estes v. Lyons Workspace Products, et. al.*, 2010 U.S. Dist. LEXIS 59954 (S.D. Miss. May 28, 2010).  *See also Dominion Exploration & Prod., Inc., et al. v. Ameron Int'l Corp.*, 2007 U.S. Dist. LEXIS 87476, *21 (E.D. La. Nov. 27,

2007) ("Under the circumstances and arguments presented, and in deference to the Fifth Circuit's adherence to the general rule on timeliness, this Court would decline to expand the rule set forth in *Braud*."); *Seefield v. Grey Wolf, Inc.,* 2009 U.S. Dist. LEXIS 3330 (W.D. La. Jan. 19, 2009) ("Given that CAFA is indeed 'unique legislation with its own specific rules regarding removal' and the absence of an indication by the Braud court that its holding should extend beyond CAFA to abrogate generally the first-served defendant rule, this court does not so extend Braud.").

Since *Braud* is limited to the CAFA context, it does not apply to this action and courts have interpreted "commencement" to be synonymous with filing of the complaint, the addition of a defendant after September 16, 2011, does not constitute commencement of a new action.

### 2.    The AIA Does Not Apply Retroactively

The Second Moving Defendants request a retroactive application of the AIA that ignores this Court's holding in *MyMail*.  Motion at 4.  However, "the joinder provision [of the AIA] is not retroactive."  *Ganas, LLC v. Sabre Holdings Corp.*, No. 2:10-CV-320, Dkt. 405, at 15-16 (E.D. Tex. Oct. 19, 2011) (J. Folsom).  "Retroactivity is not favored in the law" and as such "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."  *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 264 (1994).  "[C]lear congressional intent" favoring retroactive application of a newly enacted statute is required.  *See, e.g.*, *Martin v. Hadix*, 527 U.S. 343, 354 (1999).  "Presumably, if Congress had intended to apply the new joinder provision [of the AIA] retroactively, Congress could have done so, as it did with the new false marking provision."  *Ganas*, No. 2:10-CV-320, at 16.

The false marking provision, in contrast to the joinder provision, expressly states that it applies to "**all cases, without exception, that are pending on, commencing on or after**, the date of the enactment of the Act."  Pub. L. 112-29, § 16(b)(4), 125 Stat. 284 (2011) (emphasis added).    Because  of  the  clear  congressional  intent  to  apply  the  false  marking  provision

retroactively, courts have dismissed pending actions brought under § 292.  *See generally Kilts Resources LLC v. Uniden Direct in USA, Inc.,* 2011 U.S. Dist. LEXIS 131592, *2 (E.D. Tex. Sept. 19, 2011); *Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, 2012 U.S. Dist. LEXIS 3191 (E.D. Pa. Jan. 10, 2012); *Advanced Cartridge Tech., LLC v. Lexmark Int'l Inc.*, 2011 U.S. Dist. LEXIS 146942 (M.D. Fla. Dec. 21, 2011).

In contrast, as stated above, the joinder provision applies only to a "civil action commenced **on or after** the date of the enactment of [the] Act." 35 U.S.C. § 299 (e) (emphasis added).  Unlike § 292, the language of § 299 does not include the requisite "clear congressional intent" favoring retroactive application.  *See Ganas,* No. 2:10-CV-320, at 15-16.  Courts that have applied the joinder provision of the AIA to cases commenced prior to the enactment of the statute, have never followed this District's approach to joinder under Rule 20.  *See, e.g., Rudd v. Lux Prods. Corp.*, No. 09-CV-6957, 2011 U.S. Dist. LEXIS 4804, at *3 (N.D. Ill. Jan. 12, 2011); *Lektron, Inc. v. GE Lighting, Inc.*, No. 11-CV-413-TCK-PJC, 2012 U.S. Dist. LEXIS 45234, at *9 (N.D. Okla. Mar. 30, 2012).  As such, this Court's holding in *MyMail* is still controlling with respect to this case and addresses any concerns over whether it may properly join defendants under Rule 20.  *See MyMail*, 223 F.R.D.at 457; *Nolen v. Lufkin Industries, Inc.*, 2012 U.S. App. LEXIS 2000, at *9-10, n. 2 (Fed. Cir. Feb. 1, 2012) (holding that because the provisions of the AIA in question are "effective only for actions commenced on or after the date of enactment…we rely on the version of our jurisdictional statute in place at the time Plaintiffs filed their complaints in this case") (emphasis added).

C.      **Judicial Economy is Better Served by Denying Defendants' Motion**

Defendants' motion fails to explain how the recent enactment of the AIA is applicable here or how its retroactive application would better serve judicial efficiency.  The experience of the courts in the Eastern District of Texas with multi-defendant patent infringement cases

demonstrates just the opposite.  For example, in *Parallel Networks, LLC v. Abercrombie& Fitch*, No. 6:10-CV-111, at 17 (E.D. Tex. Aug. 12, 2011), involving a case with over 100 defendants, the court observed that, "[b]y all Defendants remaining in one case in one District, the Court was able to resolve the controversy in the most judicially economic manner sparing many other courts from repetitive work, and at the same time saving the parties very significant sums of money in attorneys fees."  Similarly, in *Uniloc USA, Inc. v. Sony Corp. of America*, No. 6:10-CV-373 (E.D. Tex. Nov. 3, 2011), another case involving more than 100 defendants, the court emphasized the following:

> The Court notes that despite the very vocal criticism of large multiple-defendant cases, this case in particular demonstrates that with willing parties, the Court can fashion a litigation process that attempts to successfully address the myriad concerns of all parties. As a result, this leads to efficient and economical resolution of these cases with regard to many Defendants without the need for expensive discovery. The Court can imagine the expense that each party may have borne had these cases been filed serially in far-flung venues across the nation. Not to mention—had these cases been filed serially across the nation—the concept of any *judicial* economy would have been severely undermined. The Court has also observed that many Defendants in these multiple party suits save significantly by sharing costs for, among other things, experts and third-party discovery vendors.

*Id*. at 6-7.  Perhaps it is because of these very concerns for judicial efficiency and the recognition that joinder of defendants in patent litigation matters better serves all parties that Congress expressly provides for waiver of the prohibition against joinder in the AIA: "A party that is an accused infringer may waive the limitations set forth in this section with respect to that party." 35 U.S.C. 299 (c).

Additionally, the Second Moving Defendants cannot show prejudice in being properly joined and by the Court preserving judicial economy.  They have not shown that the products or methods at issue are "so different that determining infringement in one case is less proper or efficient than determining infringement in multiple cases."  *See Eolas Technologies, Inc. v.*

*Adobe Systems, Inc.*, Civil Action No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010), at *15-16 (citing FED. R. CIV. P. 42(b)).  Each of the Defendants in this case, including the ones joined via amendment, infringe the '956 Patent through their respective store, dealer, or station location interfaces - constituting substantially similar products and methods of infringement.  *See id.; MyMail*, 223 F.R.D. at 474-75.  As with other multi-defendant patent litigation cases, issues such as claim construction, discovery, scheduling, and protective orders are also equally shared by all Defendants.  Any minor prejudice that each Defendant may seemingly suffer does not justify severance of this case.

Although the group of defendants joined in the present matter is nowhere near as large as those in other cases this Court has experience with, judicial economy is better preserved by denying the Defendants' motion and maintaining all claims against all defendants in one consolidated action.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion to dismiss or sever for misjoinder.

Dated:  April 9, 2012                    Respectfully submitted,

                                         **BUETHER JOE & CARPENTER, LLC**

                                         By:     */s/ Niky Bukovcan*
                                                 Christopher M. Joe (Lead Counsel)
                                                 State Bar No. 00787770
                                                 Chris.Joe@BJCIPLaw.com
                                                 Eric W. Buether
                                                 State Bar No. 03316880
                                                 Eric.Buether@BJCIPLaw.com
                                                 Brian A. Carpenter
                                                 State Bar No. 03840600
                                                 Brian.Carpenter@BJCIPLaw.com
                                                 Niky Bukovcan
                                                 WA State Bar No. 39403
                                                 Niky.Bukovcan@BJCIPLaw.com

                                                 1700 Pacific Avenue
                                                 Suite 2390
                                                 Dallas, Texas 75201
                                                 Telephone:     (214) 466-1278
                                                 Facsimile:     (214) 635-1831

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **LBSI INNOVATION, LLC**


                          <u>**CERTIFICATE OF SERVICE**</u>

        The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 9th day of April, 2012.  Any other counsel of record will be served by facsimile transmission and first class mail.


                                         */s/ Niky Bukovcan*
                                         Niky Bukovcan