IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:11-CV-00407-MHS |
| | § | |
| BP AMERICA INC., ET AL. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION, U.S. BANCORP, AND THE KROGER COMPANY'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR SEVER FOR MISJOINDER**

## TABLE OF CONTENTS

                                                                      **Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ....................................................................................................................... 1

      A.    LBS Commenced its Action Against the Moving Defendants When it Amended its Complaint to Add Them as Parties ..................................................... 1

           1.    The Supreme Court held that amendments that add a defendant 'commence' the civil action as to the newly added defendant .................. 1

           2.    The Softview case is distinguishable. ........................................................ 2

      B.    The AIA Applies to the Moving Defendants ........................................................... 3

           1.    Because the action was commenced against the Moving Defendants on January 12, 2012, the AIA applies ..................................... 3

           2.    None of the defendants are seeking "retroactive application" of the AIA ............................................................................................................ 3

           3.    The Moving Defendants were not properly joined under FRCP 20(a) ............................................................................................................ 3

      C.    The AIA Requires that the Moving Defendants Be Dismissed or Separately Severed ................................................................................................... 5

III.  CONCLUSION .................................................................................................................... 5

I.   **INTRODUCTION**

LBS sued Starbucks, Target, Kroger, and U.S. Bank (the "Moving Defendants") after enactment of the American Invents Act ("AIA"). LBS cannot dispute this. Pursuant to the AIA, it was legally impermissible for LBS to join the Moving Defendants into this case, or even to just join the four Moving Defendants into the same case. Contrary to LBS's contention, it is not the Moving Defendants who are attempting to retroactively apply law, but it is LBS who is doing this by attempting to apply abrogated law.

Because LBS commenced its case against the Moving Defendants after the enactment of the AIA, dismissal or severance in this case is appropriate.

II.   **ARGUMENT**

   A.   **LBS Commenced its Action Against the Moving Defendants When it Amended its Complaint to Add Them as Parties**

   1.   **The Supreme Court held that amendments that add a defendant '*commence*' the civil action as to the newly added defendant.**

LBS incorrectly states that "the Second Moving defendants cannot and do not contest that this action commenced prior to enactment of the AIA." LBS is wrong. The Moving Defendants contend the action against them commenced *after* enactment of the AIA because the unambiguous rule for more than 100 years has been that amendments that add a defendant *commence* the civil action as to the added party. *U.S. v. Martinez*, 195 U.S. 469, 473 (1904)). The Supreme Court was unambiguous about this point:

> A party brought into court by an amendment, and who has for the first time an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as *commenced* by the process which brings him into court.

*Id.* at 473 (emphasis added). LBS's brief does not even attempt to address this Supreme Court precedent.[1] This Supreme Court law is infinitely logical, as how can an action be commenced against a party *before* that party is in the suit?

The Moving Defendants were added to this action for the first time in LBS's First Amended Complaint filed on January 12, 2012. Dkt. No. 10. Accordingly, LBS *commenced* this action against the Moving Defendants on January 12, 2012.

### 2. The *Softview* case is distinguishable.

LBS has not cited a single case that overrules or contradicts the Supreme Court or the 5th Circuit's explicit statements defining when the suit is commenced against newly added parties. Instead, LBS summarily asserts the "filing of an amended complaint does not constitute commencement of an entire new action that implicates the joinder provision of the AIA." LBS Opp. at 8. In support, LBS primarily cites to a denial of a motion for reconsideration by the District of Delaware in the *Softview* case. *Softview LLC v. Apple Inc.*, No. 10-389-LPS at Dkt. Entry 170 (Memorandum Order), 2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011) (Declaration of Ryan B. Hawkins in Support of Defendants' Reply in Support of Defendants' Motion to Dismiss or Sever for Misjoinder ("Hawkins Decl."), ¶ 3, Ex. A).[2] The *Softview* case, however, does not support LBS's position.

LBS is correct that defendants were added in *Softview* after the enactment of the AIA. But the motion for reconsideration (of plaintiff's motion to amend the complaint) upon which LBS relies and cites was filed by the *original* defendants, not the newly added defendants, and

---

[1] Nor does LBS adequately address the Fifth Circuit's *Braud* decision. The cases LBS cites (*Estes*, *Dominion Exploration & Production*, and *Seerfield*) relate to the intricacies of removal law, not when an action commenced. While *Braud* does concern removal law in part, it is relevant to this case because it unambiguously states when an action commences for purposes of a newly added defendant.

[2] LBS's Opposition cites to several unreported orders that were only available via certain services or courts' electronic filing systems. The orders cited by LBS in addition to related orders and complaints cited by the Moving Defendants necessary to address the orders cited by LBS have been attached to the Hawkins Decl. for the Court's convenience.

2

was filed *before* the new defendants were even added to the case. *Softwview*, No. 10-389-LPS, at Dkt. Entry 68 (Opp. to Mot. to Amend) (Hawkins Decl., ¶ 4, Ex. B); *id.* at Dkt. Entry 114 (Mot. for Reconsideration) (Hawkins Decl., ¶ 5, Ex. C). Only after that motion was granted and the plaintiff filed its second amended complaint were the new defendants added to the case. What LBS omits from its brief, moreover, is that shortly after the defendants were added, these newly added defendants filed a motion to dismiss for improper joinder under § 299 of the AIA on the same grounds as the Moving Defendants in this case (i.e., they were improperly joined to the case after the enactment of the AIA). *Id.* at Dkt. Entry 144 (Mot. to Dimiss for Improper Joinder Under 35 U.S.C. § 299 and F. R. Civ. P. 21) (Hawkins Decl., ¶ 6, Ex. D). That motion is pending.

In summary, the *Softview* decision cited by LBS does not help LBS because the cited decision only involved defendants who were sued *before* enactment of the AIA. As previously discussed, LBS sued the Moving Defendants after enactment of the AIA.

**B.      The AIA Applies to the Moving Defendants**

        **1.      Because the action was commenced against the Moving Defendants on January 12, 2012, the AIA applies.**

The AIA was enacted on September 16, 2011, and the misjoinder provision in § 299 of the AIA applies to all "civil action[s] *commenced* on or after the date of the enactment of [the] Act." Pub. L. 112-29, § 19, 125 Stat. 284 (2011); 35 U.S.C. § 299(e). As stated, LBS filed its amended complaint on January 12, 2012, and only at that time commenced the action against the Moving Defendants. Accordingly, § 299 applies to the Moving Defendants because LBS commenced this action against them almost four months after the AIA's enactment.

        **2.      None of the defendants are seeking "retroactive application" of the AIA.**

LBS commenced its action against the Moving Defendants after enactment of the AIA. LBS attempts to distract the Court by claiming the Moving Defendants are actually seeking

3

retroactive application of the AIA. In support of its argument, however, LBS only cites cases where all the defendants involved were named prior to the enactment of the AIA.[3] The holding of all of these cases would only be relevant if one of the originally named defendants in this case were seeking dismissal. None of them are. All of these cases cited by LBS are wholly irrelevant to the issue of whether LBS's cases against defendants named after enactment of the AIA should be dismissed. The Moving Defendants are not retroactively applying any law.

### 3. The Moving Defendants were not properly joined under FRCP 20(a).

Because the Moving Defendants were added to the suit after the enactment of the AIA, they were not properly joined under F.R.C.P. 20(a). LBS relies on abrogated law and argues that "[i]n this Circuit and particularly in the Eastern District of Texas, the Court's ruling in *MyMail* is controlling and correctly interprets Rule 20 where an action has commenced prior to enactment of the AIA." LBS Opp. at pg. 6. The *MyMail* precedent may apply to the originally named defendants, but is no longer applicable to the Moving Defendants. Congress was unequivocal about this point:

> Section 299 legislatively abrogates the construction of 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 224 F.R.D. 455 (E.D. Tex. 2004)…

H.R. Rep. No. 112-98, pt. 1, at 55 n.61 (2011). If any party is seeking retroactive application of law, it is LBS who is seeking to apply the now abrogated *MyMail* precedence to the Moving Defendants.

---

[3] *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 U.S. Dist LEXIS 10333 (E.D. Tex. Jan. 20, 2012) (Hawkins Decl., ¶ 7, Ex. E) (all defendants were named in the original complaint filed on March 30, 2011) (Hawkins Decl., ¶ 8, Ex. F); *Ganas, LLC v. Sabre Holdings Corp.*, No. 2:10-CV-320 (E.D. Tex. Oct. 19, 2011) at Dkt. Entry 405 (Order Denying Mot. to Sever) (Hawkins Decl., ¶ 9, Ex. G) (all defendants were named in the first amended complaint filed on April 25, 2011) (Hawkins Decl., ¶ 10, Ex. H); *Bryne v. Wood*, 2012 U.S. App. LEXIS 6021 (Fed. Cir. 2012) (Hawkins Decl., ¶ 11, Ex. I) (the defendant was named in the original complaint filed on Dec. 30, 2004) (Hawkins Decl., ¶ 12, Ex. J); *Vosk Int'l Co. v. Zao Gruppa Predpriyatij*, No. C11-1488RSL, 2012 U.S. Dist. LEXIS 42137 (W.D. WA March 27, 2012) (Hawkins Decl., ¶ 13, Ex. K) (the defendant was named in the original complaint on September, 9 2011) (Hawkins Decl., ¶ 14, Ex. L).

### C. The AIA Requires that the Moving Defendants Be Dismissed or Separately Severed

Once it is determined that the AIA applies to the Moving Defendants, there can be no question as to whether or not the Moving Defendants have been improperly joined:

> (b) ALLEGATIONS INSUFFICIENT FOR JOINDER.—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, *based solely on allegations that they each have infringed the patent or patents in suit*.

35 U.S.C. § 299(b) (emphasis added). The House Report explained that § 299(b) "addresses *problems* occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement." H.R. Rep. No. 112-98, pt. 1, at 54 (2011) (emphasis added). LBS's opposition reiterates that it is attempting to do exactly what is prohibited by the AIA: "each of the named Defendants' accused location interfaces infringes the '956 Patent in substantially the same manner." LBS Opp. at 5. There is no question that this is no longer sufficient grounds for joinder. Accordingly, the Moving Defendants should be dismissed from this action under Federal Rule of Civil Procedure 21.[4]

### III. CONCLUSION

For the reasons set forth above and in their opening brief, Starbucks, Target, and U.S. Bank respectfully request the action against each of them be dismissed, or in the alternative the action against each be severed into separate actions.

---

[4] LBS argues that "Rule 21 expressly states that '[m]isjoinder of parties is not a ground for dismissing *an action*.'" However, the rest of Rule 21 goes on to state that "[o]n motion or on its own, the court may at any time, on just terms, *add or drop a party*. The court may also sever any claim against a party." Accordingly, Rule 21 does provide for the dismissal of the Moving Defendants. The action will continue on with the originally named defendants.

| | |
|---|---|
| Dated:  April 20, 2012 | Respectfully submitted,<br><br>*/s/ Matthew C. Bernstein*<br>Matthew C. Bernstein<br>Lead Attorney<br>CA State Bar No. 199240<br>mbernstein@perkinscoie.com<br>Ryan B. Hawkins<br>CA State Bar No. 256146<br>rhawkins@perkinscoie.com<br>Patrick J. McKeever<br>CA State Bar No. 268763<br>pmckeever@perkinscoie.com<br>Di Zhang<br>D.C. Bar No. 991371<br>dzhang@perkinscoie.com<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130-3334<br>Tel: 858-720-5700<br>Fax: 858-720-5799<br><br>Jennifer P. Ainsworth<br>TX State Bar No. 00784720<br>WILSON ROBERTSON & CORNELIUS, P.C.<br>909 ESE Loop 323, Suite 400<br>Tyler, TX  75701<br>Phone: (903) 509-5000<br>Fax:  (903) 509-5092<br>jainsworth@wilsonlawfirm.com<br><br>ATTORNEYS FOR DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION, U.S. BANCORP, AND THE KROGER COMPANY |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 20, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

> /s/ *Matthew C. Bernstein*
> Matthew C. Bernstein