**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 2:11-cv-00407-MHS-CMC |
| v. | § | |
| | § | Jury Trial Demanded |
| BP AMERICA, INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF LBS INNOVATIONS, LLC'S SUR-REPLY IN SUPPORT OF ITS**
**OPPOSITION TO DEFENDANTS STARBUCKS CORPORATION, TARGET**
**CORPORATION, U.S. BANCORP, AND THE KROGER COMPANY'S**
**MOTION TO DISMISS OR SEVER FOR MISJOINDER**

---

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe (Lead Counsel)
Eric W. Buether
Brian A. Carpenter
Niky Bukovcan
Mark D. Perantie
Monica Tavakoli

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:    (214) 466-1272
Facsimile:    (214) 635-1828

**ATTORNEYS FOR PLAINTIFF LBS**
**INNOVATIONS, LLC**

# TABLE OF CONTENTS

I.     INTRODUCTION ......................................................................................................... 1

II.    ARGUMENTS.............................................................................................................. 2

      A.     Statutory Construction of Rule 3 and the AIA is Conclusive................................ 2

      B.     *Braud* Is a Narrow Exception to the General Rule and Defendant's Continued
            Reliance on It Is Erroneous.................................................................................... 3

      C.     The AIA Does Not Apply to Defendants in the Same Suit Differently.................. 4

      D.     *Softview* Provides Proper Guidance on Application of the AIA............................ 5

# TABLE OF AUTHORITIES

## Cases

*Advanced Cartridge Tech., LLC v. Lexmark Int'l Inc.*,
2011 U.S. Dist. LEXIS 146942 (M.D. Fla. Dec. 21, 2011).................................................... 1

*Braud v. Transp. Serv. Co. of Ill.*,
445 F.3d 801 (5th Cir. 2006) ...................................................................................... 2, 3, 4

*Byrne v. Wood*,
2012 U.S. App. LEXIS 6021 (Fed. Cir. Mar. 22, 2012)..................................................... 1

*Daiwa Sec. America Inc. v. Kayne*,
540 U.S. 966 (2003)............................................................................................................ 4

*Eurand, Inc. v. Mylan Pharms., Inc.*,
2012 U.S. App. LEXIS 7571 (Fed. Cir. April 16, 2012)..................................................... 5

*Gerber v. MTC Elec. Techns. Co., Ltd.*,
329 F.3d 297 (2d Cir. 2003)............................................................................................ 4, 5

*Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*,
2012 U.S. Dist. LEXIS 3191 (E.D. Pa. Jan. 10, 2012) ...................................................... 1

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
2012 U.S. Dist. LEXIS 10333 (E.D. Tex. Jan. 20, 2012).................................................. 1

*Johns-Manville Corp. v. United States*,
855 F.2d 1556 (Fed. Cir. 1988), *cert. denied*, 489 U.S. 1066 (1989)................................ 2

*Kilts Resources LLC v. Uniden Direct in USA, Inc.*,
2011 U.S. Dist. LEXIS 131592 (E.D. Tex. Sept. 19, 2011) ............................................... 1

*Leal v. Gov't Employees Ins. Co.*,
2009 U.S. Dist. LEXIS 116070 (S.D. Tex. Dec. 14, 2009)................................................ 3

*McKowan Lowe & Co. Ltd. v. Jasmine, Ltd.*,
976 F. Supp. 293 (D.N.J. 1997) ........................................................................................ 4

*Mealy v. Fidelity Nat. Bank in N.Y.*,
2 F.R.D. 339 (E.D.N.Y. 1942)........................................................................................... 2

*Newby v. Enron Corp.*,
2004 U.S. Dist. LEXIS 8158 (S.D. Tex. Feb. 24, 2004) ............................................... 4, 5

*Pirelli Armstrong Tire Corp. v. Dynegy, Inc.*,
    339 F. Supp. 2d 804 (S.D. Tex. Oct. 7, 2004)1 ................................................................. 5

*Pritchett v. Office Depot, Inc.*,
    404 F.3d 1232 (10th Cir. 2005) ................................................................................. 2

*Softview LLC v. Apple, Inc.*,
    2011 U.S. Dist. LEXIS 112476 (D. Del. Sept. 30, 2011) ............................................. 1, 5

*Sullivan v. Stroop*,
    496 U.S. 478 (1990) ................................................................................................. 2

*United States v. Martinez*,
    195 U.S. 469 (1904) .............................................................................................. 2, 3

*Vosk Int'l Co. v. Zao Gruppa Predpriyatij*,
    2012 U.S. Dist. LEXIS 42137 (W.D. Wash. Mar. 27, 2012) ......................................... 1

*Williams v. Taylor*,
    529 U.S. 420 (2000) ................................................................................................. 2

## Statutes

28 U.S.C. § 1446 ............................................................................................................. 3

35 U.S.C. § 299 ....................................................................................................... 1, 2, 4, 5

Fed. R. Civ. P. 3 ........................................................................................................ 2, 3, 4

Fed. R. Civ. P. 15 .......................................................................................................... 3

Fed. R. Civ. P. 20 .......................................................................................................... 1

Fed. R. Civ. P. 21 .......................................................................................................... 1

Pursuant to Federal Rules of Civil Procedure 20 and 21, Plaintiff LBS Innovations, LLC ("LBSI") files this sur-reply and requests that the Court deny Defendants Starbucks Corporation, Target Corporation, U.S. Bancorp, and The Kroger Company's (collectively, "Second Moving Defendants")[1] Motion to Dismiss or Sever for Misjoinder. [2]  Dkt. 68, 130.

## I.    INTRODUCTION

The Second Moving Defendants presume that the AIA is applicable to them and this case and fail to adequately support their position or address the issues LBSI raises.  Because the AIA is new legislation, to date, very few courts have addressed issues concerning its applicability. Where the false marking provision is at issue, courts have applied the AIA because Congress has expressly stated that the AIA applies retroactively to all cases.[3]  In other instances, courts, including the Federal Circuit, have held that provisions that apply only after enactment of the statute are not applicable where a case has been filed prior to September 16, 2011, and have refused to apply the statute retroactively.[4]  The court in *Softview* has held that the AIA does not apply to prevent a plaintiff from adding new defendants after September 16, 2011, where the case was filed prior to enactment of the statute.  There is no clear congressional intent to apply the AIA to different sets of defendants in the same case differently and all authorities indicate that the AIA is inapplicable in this circumstance.

---

[1] The First Moving Defendants are those moving or joining in the motion filed under Dkt. 57.

[2] As of the date of the filing of this sur-reply, Defendants Giant Eagle, Inc., H.E.B., Inc., JPMorgan Chase & Co., Wal-Mart Stores, Inc. and Wells Fargo Bank, N.S. have joined in Defendants Starbucks Corporation, Target Corporation, The Kroger Company, and U.S. Bancorp's motion to dismiss or sever for misjoinder (Dkt. 68) – bringing the current total of the number of separate actions sought to eight.  LBSI's sur-reply addresses all Defendants who have filed or joined in the motion.

[3] Pub. L. 112-29, § 16(b)(4), 125 Stat. 284 (2011); *see generally Kilts Resources LLC v. Uniden Direct in USA, Inc.*, 2011 U.S. Dist. LEXIS 131592, *2 (E.D. Tex. Sept. 19, 2011); *Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, 2012 U.S. Dist. LEXIS 3191 (E.D. Pa. Jan. 10, 2012); *Advanced Cartridge Tech., LLC v. Lexmark Int'l Inc.*, 2011 U.S. Dist. LEXIS 146942 (M.D. Fla. Dec. 21, 2011).

[4] *See, e.g., Byrne v. Wood*, 2012 U.S. App. LEXIS 6021, at *13-14, n. 1 (Fed. Cir. Mar. 22, 2012); *Imperium (IP) Holdings, Inc. v. Apple Inc.*, 2012 U.S. Dist. LEXIS 10333, at *10, n. 2 (E.D. Tex. Jan. 20, 2012).  In *Vosk Int'l Co. v. Zao Gruppa Predpriyatij*, No. C11-1488RSL, 2012 U.S. Dist. LEXIS 42137, at *5-6, n. 4 (W.D. Wash. Mar. 27, 2012).

Cases such as *Braud* or *Martinez* that involve notice requirements for purposes of meeting a statute of limitations or removal are inapplicable here.  Despite their objection, Defendants request to apply the AIA to them despite clear Congressional intent to the contrary is a request to apply the AIA retroactively.

## II.    ARGUMENTS

### A.    Statutory Construction of Rule 3 and the AIA is Conclusive

Statutory construction begins with the language of the statute.  *Williams v. Taylor*, 529 U.S. 420, 431 (2000).  The language of Rule 3 is simple: "A civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3.  The language of the pertinent AIA provision is equally simple: "The amendments made by this section shall apply to any civil action commenced on or after the date of the enactment of this Act."  35 U.S.C. § 299.  The plain meaning of a statute is controlling absent clear legislative intent to the contrary.  *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1559 (Fed. Cir. 1988), *cert. denied*, 489 U.S. 1066 (1989).  If the language of the statute is clear, the plain meaning of the statute is conclusive. *Sullivan v. Stroop*, 496 U.S. 478, 482 (1990).

There is nothing ambiguous about the meaning of either Rule 3 or the AIA.  Filing an amended complaint does not institute a new action because a case is commenced only once. *Mealy v. Fidelity Nat. Bank in N.Y.*, 2 F.R.D. 339 (E.D.N.Y. 1942); *cf. Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("Traditionally, a cause of action is commenced when it is first brought in appropriate court…[citing Rule 3].  When a matter is removed to federal court, is it not traditionally viewed as recommenced, nor as a new cause of action.").

*United States v. Martinez*, 195 U.S. 469 (1904), does not stand for the notion that in all cases an action is recommenced upon filing of an amended complaint and the Defendants' reliance on it is inapposite.  That case involved the Indian Depredation Act of 1981 where the

plaintiff waited until after the statute of limitations had run before attempting to join the correct tribe in the action.  *Id.* at 473.  The court's holding regarding recommencement was based on the fact that the party to be joined in the action would not have been given the requisite notice and prosecution against the party to be joined would not commence prior to expiration of the statute of limitations.  *Id.* at 474-75.  The court held that "it was the purpose of the law to require parties to be duly prosecuted within the three years allowed for the filing of petitions…[a]s the case was prosecuted against the wrong tribe until after the three years had expired, it cannot be maintained against the Indians sought to be brought in by the amendment…" *Id.* at 477.

The issue is much different here.  Whether an action is commenced for the purposes of the joinder provision of the AIA has nothing to do with notice, the statute of limitation, or whether prosecution against a party must be commenced within a certain period of time.  Just as the Relation Back Doctrine of Rule 15(c) does not apply here as Defendants concede, neither do cases that analyze joinder of a party for purposes of determining whether sufficient notice was provided under the statute of limitations.  *See* Motion at 6.

**B.    *Braud* Is a Narrow Exception to the General Rule and Defendant's Continued Reliance on It Is Erroneous**

The distinction in *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006) is important because the Fifth Circuit's reasoning is based on the similarities between the language of the removal statute, 28 U.S.C. § 1446(b), and CAFA, which implies a natural parallel connection between the two, allowing for a narrow exception to Rule 3.  Title 28 allows removal of a previously non-removable case "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading."  *Braud*, 445 F.3d at 804-06 (citing 28 U.S.C. § 1446(b)); *see also Leal v. Gov't Employees Inc. Co.*, 2009 U.S. Dist. LEXIS 116070 at * 12 (S.D. Tex. Dec. 14, 2009).  As to a new defendant, therefore, "removability is determined as

of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court." *Braud*, 445 F.3d at 805.  Similarly under CAFA, "a new defendant may remove regardless of whether it was added more than one year after the original complaint was filed in state court….Therefore, there is **no indication that the time when the initial suit was filed has any relevance as to when an action 'commences' under CAFA** for an amendment adding a new defendant." *Id.* at 806 (emphasis added).  *Braud*, thus, has no relevance to the issue of whether the joinder provision of the AIA applies in this context.

### C.    The AIA Does Not Apply to Defendants in the Same Suit Differently

There is no clear Congressional intent to apply the AIA to different sets of defendants in the same lawsuit differently.   The court's ruling in *Gerber* is instructive.  *See Gerber v. MTC Elec. Techns. Co., Ltd.,* 329 F.3d 297, 309-10 (2d Cir. 2003), *cert. denied sub nom. Daiwa Sec. America Inc. v. Kayne,* 540 U.S. 966 (2003).  There, the court addressed the issue of whether the Private Securities Litigation Reform Act ("PSLRA applied to claims of nineteen plaintiffs who were added by amendment to the complaint after the statute's effective date. *Id.*  The relevant provision of the PSLRA stated that it "shall not affect or apply to any private action commenced before and pending on" the date of the enactment of the statute.  *Id.*  The court held that the action was commenced when the complaint was filed, not when amended to add parties:

> We agree with the district court's conclusion that the "action" here was commenced when the complaint was filed on January 23, 1995. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  **Amending the complaint, even to add additional plaintiffs, did not create a new action.** *See McKowan Lowe & Co. Ltd. v. Jasmine, Ltd.,* 976 F. Supp. 293, 297 (D.N.J. 1997).  In the absence of any indication to the contrary, **we doubt that Congress intended that courts would apply different sets of substantive and procedural rules to groups of plaintiffs asserting identical claims in a single action, depending on when those plaintiffs were added to the complaint**.  The district court's ruling is therefore affirmed on this issue.

*Id.* (emphasis added); s*ee also Newby v. Enron Corp.*, Civil Action No. H-01-3624, 2004 U.S. Dist. LEXIS 8158 *71 (S.D. Tex. Feb. 24, 2004) (following the holding in *Gerber* and

determining that like the PSLRA the Sarbanes Oxley Act, which did not apply to "any private action…commenced before and pending on the date of enactment of the statute," was not applicable against parties or claims added after the enactment to a pre-existing suit); *Pirelli Armstrong Tire Corp. v. Dynegy, Inc.*, 339 F. Supp. 2d 804, 889 (S.D. Tex. Oct. 7, 2004) (following *Gerber* and holding that the consolidated lawsuits in question all commenced prior to enactment of the Sarbanes Oxley Act).

The court's reasoning in *Gerber* and *Newby* applies here.  There is no indication that Congress intended for the AIA to apply to one set of defendants who were joined prior to the enactment of the statute while withholding its application from a different set of defendants in the same case - involving the same patent and necessitating the same issues.

### D.     *Softview* Provides Proper Guidance on Application of the AIA

The Second Moving Defendants attempt to distinguish *Softview* based on irrelevant facts. For example, it is immaterial which set of defendants moved for reconsideration – whether it was the original defendants or those who would have been joined by amendment.  The issue before the court was the same; namely, whether the AIA applies to the action that was commenced prior to the enactment of the statute.  *Softview LLC v. Apple Inc.*, Civil Action No. 10-389-LPS, 2011 U.S. Dist. LEXIS 112476 (D. Del. Sept. 30, 2011).  The court in *Softview* held that it did not. Given that the Federal Circuit has also indicated that commencement of an action for purpose of whether a provision of the AIA applies is synonymous with the first filing of an action, the Court here should hold similarly.  *See, e.g., Eurand, Inc. v. Mylan Pharms., Inc.*, 2012 U.S. App. LEXIS 7571, at *59 (Fed. Cir. April 16, 2012) (holding that a provision of the AIA is "inapplicable to this case because it is the product of amendments made to the Patent Act that became effective after this action was filed").

For the reasons above, the Court should deny the Defendant's motion.

Dated:  April 30, 2012                              Respectfully submitted,

                                                  **BUETHER JOE & CARPENTER, LLC**

                   By:    */s/ Niky Bukovcan*                   
                                   Christopher M. Joe (Lead Counsel)
                                   State Bar No. 00787770
                                   Chris.Joe@BJCIPLaw.com
                                   Eric W. Buether
                                   State Bar No. 03316880
                                   Eric.Buether@BJCIPLaw.com
                                   Brian A. Carpenter
                                   State Bar No. 03840600
                                   Brian.Carpenter@BJCIPLaw.com
                                   Mark D. Perantie
                                   State Bar No. 24053647
                                   Mark.Perantie@BJCIPLaw.com
                                   Niky Bukovcan
                                   State Bar No. 24078287
                                   Niky.Bukovcan@BJCIPLaw.com
                                   Monica Tavakoli
                                   State Bar No. 24065822
                                   Monica.Tavakoli@BJCIPLaw.com

                                   1700 Pacific Avenue
                                   Suite 4750
                                   Dallas, Texas 75201
                                   Telephone:     (214) 466-1272
                                   Facsimile:      (214) 635-1828

                                   **ATTORNEYS FOR PLAINTIFF LBS INNOVATIONS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 30th day of April, 2012.  Any other counsel of record will be served by facsimile transmission and first class mail.

                                 */s/ Niky Bukovcan*                
                                  Niky Bukovcan