# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 2:11-cv-00407-MHS-CMC |
| v. | § | |
| | § | Jury Trial Demanded |
| BP AMERICA, INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF LBS INNOVATIONS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT H.E.B., INC.'S MOTION TO SEVER AND TRANSFER, AND NOTICE OF JOINDER IN DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION, AND U.S. BANCORP'S MOTION TO DISMISS OR SEVER FOR MISJOINDER**

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe (Lead Counsel)
Eric W. Buether
Brian A. Carpenter
Niky Bukovcan
Mark A. Perantie
Monica Tavakoli

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
LBS INNOVATIONS, LLC**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

III. ARGUMENTS ....................................................................................................................... 5

    A. Venue is Proper in the Eastern District of Texas Where the Court May Properly Exercise Personal Jurisdiction .................................................................. 5

    B. Transferring Jurisdiction Wastes Judicial Resources ............................................ 6

        1. The Private Interest Factors Weigh Against Transfer ................................ 7

        2. The Totality of the Applicable Public Interest Factors Weigh Against Transfer ........................................................................................ 12

IV. CONCLUSION .................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases** **Page**

*A. Olinick & Sons v. Dempster Bros., Inc.*,
 365 F.2d 439 (2d Cir. 1966) ................................................................................................. 9

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
 2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010) ............................................. 11

*Ganas, LLC v. Sabre Holdings Corp.*,
 No. 2:10-CV-320 (E.D. Tex. Oct. 19, 2011) .................................................................. 7,

*Gulf Oil Corp. v. Gilbert*,
 330 U.S. 501 (1947) ............................................................................................................ 6

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ......................................................................................... 11

*In re Hoffman-La Roche Inc.*,
 587 F.3d 1333 (Fed. Cir. 2009) ......................................................................................... 11

*In re Pabst Licensing Digital Camera Patent Litigation*,
 528 F. Supp. 2d 1357 (J.P.M.L. 2007) ............................................................................. 10

*In re Verizon*,
 635 F.3d 559 (Fed. Cir. 2011) ............................................................................................. 9

*In re Vistaprint Ltd*,
 628 F.3d 1342 (Fed. Cir. 2010) .................................................................................. 8, 9, 10

*In re Volkswagen,*
 371 F.3d 201 (5th Cir. 2004) ......................................................................................... 6, 7, 9

*In re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) ..................................................................................... 6, 7, 9, 11

*In re Volkswagen of Am., Inc.*,
 566 F.3d 1349 (Fed. Cir. 2009) ..................................................................................... 7, 8, 10

*Markman v. Westview Instruments, Inc.*,
 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996) ................................................ 12

*QR Spex, Inc. v. Motorola, Inc.*,
 507 F. Supp. 2d 650 (E.D. Tex. 2007) ................................................................................ 6

*Red River Fiber Optic Corp. v. Verizon Services Corp.*,
  2010 U.S. Dist. LEXIS 27827 (E.D. Tex. Mar. 23, 2010) .................................................. 6

*SIPCO LLC v. Amazon.com, Inc.*,
  Civil Action No. 2:08-CV-359 (E.D. Tex. June 4, 2009) .................................................. 7

*SynQor, Inc. v. Ericsson Inc.*,
  No. 2:11-cv-00054 (E.D. Tex. Feb. 6, 2012) .................................................. 10

*Trintec Industries, Inc. v Pedre Promotional Products, Inc.*,
  395 F.3d 1275 (Fed. Cir. 2005) .................................................. 5, 12

*Van Dusen v. Barrack*,
  376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) .................................................. 9

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) .................................................. 5

### **Statutes**

28 U.S.C. § 1391 .................................................. 5, 13

28 U.S.C. § 1400 .................................................. 5

28 U.S.C. § 1404 .................................................. 1, 7, 8, 9, 10

28 U.S.C. § 1407 .................................................. 10

FED. R. CIV. P. 20 .................................................. 1

FED. R. CIV. P. 21 .................................................. 1

Pursuant to Federal Rule of Civil Procedure 20 and 21 and 28 U.S.C. § 1404(a), Plaintiff LBS Innovations LLC ("LBSI") responds to and requests that the Court deny Defendant H.E.B., Inc.'s[1] ("HEB") Motion to Sever and Transfer. HEB also provides Notice of Joinder in Defendants Starbucks Corporation, Target Corporation, and U.S. Bancorp's Motion to Dismiss or Sever for Misjoinder (Dkts. 68 & 76, at 1-10) ("Misjoinder Motion") and summarily reiterates the arguments set forth therein. LBSI incorporates by reference its response to that motion (Dkts. 104) and will separately address the Defendants' recent Notice of Supplemental Authority (Dkt. 147). Accordingly, LBSI's response only addresses the issue of whether transfer of the action between HEB and LBSI to the Western District of Texas is plainly a more convenient forum and alleges as follows:

## I. INTRODUCTION

This is not a case in which the plaintiff has brought suit against an out of state entity and is requesting that the court maintain jurisdiction in a state foreign to the defendant. HEB is a Texas entity with locations throughout the Eastern District, making venue proper in the Eastern District of Texas. HEB asserts, however, that if the court severs the claims against the Defendants, that the action against it alone should be transferred to the Western District of Texas out of convenience, not out of necessity.

Even if the Court finds that HEB is not properly joined in this action, transfer to the Western District of Texas would unnecessary burden the court in a district that is not familiar with the patent, the parties, or the claims. An unnecessary transfer would spread litigation related to the patent-in-suit over multiple districts. Judicial economy is best served by at least

---

[1] In its motion, H.E.B. alleges that it has been improperly named in this lawsuit and that the proper entity is HEB Grocery Company, LB ("HEB Grocery"). LBSI needs further investigation before responding this allegation. Should the Court find that HEB Grocery is the proper entity, LBSI's response and all arguments set forth herein would equally apply to HEB Grocery.

maintaining all causes of action against all defendants who have been accused of infringing the patent-in-suit in the same district, under the guidance of the same court.

HEB's motion should be denied.

## II. BACKGROUND

**History of the Proceedings:** LBSI commenced the present action on September 14, 2011, when it filed its complaint against ten defendants for infringement of U.S. Patent No. 6,091,956 ("the '956 Patent"), entitled "Situation Information System." *See* Dkt. No. 1. As authorized under FED. R. CIV. P. 15 (a), it then amended the complaint on January 12, 2012, properly joining twelve other Defendants, including HEB. *See* Dkt. No. 10. A scheduling conference is currently set for July 12, 2012. *See* Dkt. 118.

There are also three additional co-pending actions related to the patent-in-suit. The related actions are *LBS Innovations, LLC v Aaron Brothers, Inc.*, *et al.,* Civil Action No. 2:11-cv-00142-MHS ("*Aaron Brothers* Action"), *LBS Innovations, LLC v. Citgo Petroleum Corporation, et al.*, Civil Action No. 2:11-cv-00408 ("*Citgo* Action"), and *LBS Innovations, LLC v. Sally Beauty Supply, LLC et al.*, Civil Action No. 2:11-cv-00409 ("*Sally Beauty* Action").

The court in the *Aaron Brothers* Action has already provided a claim construction order (Dkt. 195, issued February 14, 2012) and the pretrial conference is set for October 1, 2012 (Dkt. 207). Since Judge Folsom's retirement, the defendants in that action have filed letter briefs requesting leave to file for summary judgment based on claim construction. The parties are continuing to brief those issues before this Court. This Court will also address all other pretrial

matters in that action as well as other substantive motions filed in this and the other co-pending actions.[2]

**The '956 Patent and Defendants' Infringement:** The invention disclosed in the '956 Patent relates to a "system for providing services and time-critical information about places and events" to users of computer devices. '956 Patent at Abstract. In particular, the claimed "Situation Information System" pertains to "information about events or conditions associated with places," which the user of a computer device may encounter or consider visiting. '956 Patent, Col. 4:33-47. For example, "the situation information system provides users with up-to-date map-tracking information relating their location to events and situations as well as enabling them to respond in a timely manner." Col. 4:48-51.

All of the Defendants' computer implemented websites have store, dealer, or station location interfaces that fall squarely within the claimed method of the '956 Patent. For example, HEB and Defendant Starbucks Corporation each provide websites with store location interfaces at http://www.heb.com/find-a-store/find-a-store.jsp and http://www.starbucks.com/store-locator respectively. The following screenshots from these interfaces demonstrates the similarities between the accused instrumentalities:

---

[2] Other substantive motions include LBSI's Motion to Substitute Party (Dkt. 155) and Defendants' Motions to Dismiss (Dkts, 57 and 68).



http://www.heb.com/find-a-store/store-results.jsp?_requestid=616853



http://www.starbucks.com/store-locator

All of the other Defendants' websites provide similar technologies.[3] Although each Defendant's location interface is customized, the differences only reflect stylistic preferences and Defendant specific information. The similarities between the technologies do not depend on the underlying technology provider, but rather on the similarities between the features and functionality of the store or location interfaces. Thus, all Defendants infringe the '956 Patent in substantially the same manner.

### III. ARGUMENTS

A.  **Venue is Proper in the Eastern District of Texas Where the Court May Properly Exercise Personal Jurisdiction**

As an initial matter, venue in the Eastern District of Texas is proper. Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) (holding that 28 U.S.C. §§ 1400 and 1391(c) must be read together such that in patent litigation "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"); *see also Trintec Industries, Inc. v Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("quickly dispatch[ing]" defendant's motion to dismiss for improper venue because "the venue point is a non-issue"). "In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391 (c).

---

[3] *See, e.g.,* U.S. Bancorp, Wal-Mart Stores, Inc., and Kroger Company's location interfaces at http://www.usbank.com/locations/; http://www.walmart.com/storeLocator/ca_storefinder.do; and http://services.kroger.com/StoreLocator/StoreLocatorAdvanced.aspx respectively.

Here, HEB does not deny that venue is proper in the Eastern District of Texas or that the Court should dismiss on the grounds that it cannot exercise personal jurisdiction over it in this jurisdiction. By its admission, HEB is headquartered in Texas (Motion at 3) and maintains its grocery stores in the Eastern District. Instead, HEB asserts that its case alone should be transferred out of convenience, not necessity. HEB's contention ignores the overarching need preserve judicial economy and prevent waste of scarce judicial resources.

### B. Transferring Jurisdiction Wastes Judicial Resources

HEB recognizes that its request for transfer places an undue burden on the judicial system, but in its attempts to reconcile its position with the Court's need to preserve judicial economy it misapplies the facts of this case and misconstrues the proper legal analysis. Motion at 9-11.

The Plaintiff's choice of forum "places a significant burden on the movant to show good cause for the transfer" proposed. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). To support a finding that another forum would be "clearly more convenient," the movant must show that the private and public interest factors favor transfer. *Red River Fiber Optic Corp. v. Verizon Services Corp.*, 2010 U.S. Dist. LEXIS 27827, at *5 (E.D. Tex. March 23, 2010); *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (holding that in a motion to transfer venue under § 1404(a), the moving party bears a heavy burden of demonstrating why the factors "clearly favor such a change"). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Volkswagen II*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The private factors, which relate to the convenience of the litigants, include: (1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to

secure attendance of witnesses; (3) the cost of attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The public factors, which reflect the "public interest in the fair and efficient administration of justice," consist of: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

A district court has broad discretion in deciding whether or not to order a transfer under 35 U.S.C. § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). Here, the Court should exercise its discretion in preserving judicial economy and deny HEB falls short of meeting its burden.

### 1. The Private Interest Factors Weigh Against Transfer

#### a. Transferring venue wastes judicial resources and creates unnecessary problems that make trial difficult and expensive

Practical problems include those that are rationally based on judicial economy. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"). Particularly, the existence or creation of duplicative suits in different courts involving the same or similar issues may create practical difficulties that weigh heavily in favor of or against transfer. *Id.*

The recent *In re Volkswagen* decision of the Court of Appeals for the Federal Circuit found that "the existence of multiple suits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice" and that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to

prevent." *Volkswagen III*, 566 F.3d at 1351; *see also Ganas, LLC v. Sabre Holdings Corp.*, Civil Action No. 2:10-CV-320, Dkt. 405, at 15-16 (E.D. Tex. Oct. 19, 2011) (J. Folsom); *SIPCO LLC v. Amazon.com, Inc*., Civil Action No. 2:08-CV-359, Dkt. No. 232 (E.D. Tex. June 4, 2009).

HEB's request would unnecessarily create multiple suits in different jurisdictions. Any additional suit that would be generated would involve the same patent, the same basic technology and accused products, and thus many of the same issues, which *Volkswagen III* indicates would be directly contrary to the purposes of § 1404(a).

To support its contention that judicial economy should not be given any weight, HEB relies on *In re Vistaprint Ltd*, 628 F.3d 1342 (Fed. Cir. 2010), which actually supports LBSI's position – not HEB's. In that case, the Federal Circuit denied defendants request for a writ of mandamus that would direct the Court in the Eastern District of Texas to overturn its holding denying defendant's motion to transfer venue. *Id.* at 1344. The defendant's alleged that the district court had erroneously based its decision primarily on the need to preserve judicial economy. Similar to HEB, the defendant requested transfer to the federal district that was close to the residences of many of its employees who would serve as witnesses at trial and where many of the petitioners' documents that would serve as evidence was stored. *Id*. at 1343. Like the case at hand, in that case there was a second co-pending case involving the same patent-in-suit, pertaining to the same underlying technology, and involving similar accused services. *Id.* at 1344. As in this case, the Eastern District also had experience with that case based on prior litigation involving the plaintiff, which included a hearing and a claim construction order. *Id.*

The Federal Circuit held that it was not "patently erroneous" for the district court to put great weight on judicial economy when the same judge would handle the present case as well as any co-pending cases, instead of forcing another judge to "start from scratch." *Id.* at 1344. The

court concluded that "even if trying these two related cases before the same court may not involve the same defendants and accused products, it does **not** appear on its face erroneous to conclude that maintaining these two cases before the same court may be beneficial from the standpoint of judicial resources." *Id.* (emphasis added).

The court further refused to credit defendant's contention that the district court had misapplied the balance of the transfer factor. Its holding is instructive and speaks for itself:

> At the end of the day, [HN6] *§ 1404(a)* balances a number of case-specific factors, not just convenience. Further, *§ 1404(a)* commits the balancing determination to the sound discretion of the trial court based not on per se rules but rather on an "**individualized, case-by-case consideration of convenience and fairness.**" *Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)*; *see also Volkswagen I, 545 F.3d at 312 n.7* ("'Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's actions in the situation.'" (citation omitted)). Our reluctance to interfere is not merely a formality, but rather a **long-standing recognition that a trial judge has a superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions**. *See A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966)*.
> 
> …
> 
> In sum, there are cases where to hold a trial court to a meaningful application of the *§ 1404(a)* factors presents only one correct outcome. In those cases, mandamus may be appropriate. A case such as this, however, shows that a meaningful application of the factors often creates a reasonable range of choice. Under such circumstances, it is entirely within the district court's discretion to conclude that in a given case the *§ 1404(a)* factors of public interest or judicial economy can be of "**paramount consideration**," *Volkswagen II, 566 F.3d at 1351*, and as long as there is plausible support of record for that conclusion we will not second guess such a determination, even if the convenience factors call for a different result.

*Id.* at 1346-47 (emphasis added).

HEB also erroneously relies on *In re Verizon*, 635 F.3d 559 (Fed. Cir. 2011). The facts of that case are clearly distinct from the present case. There, the court granted the defendant's writ of mandamus to transfer jurisdiction and distinguished that case with *Vistaprint* based on the

fact that there were no co-pending cases in the Eastern District of Texas involving the same patent and technology. *Id*. at 562. Here, there are three additional co-pending cases one of which is only five months away from trial. HEB's contention that the court must ignore the heavy weight of judicial economy in favor of the convenience to its witnesses and the location of its headquarters is simply unsupported. HEB distinguishes *Vistaprint* by asserting that it is not this Court that is familiar with the patent-in-suit but Judge Folsom who has retired. Motion at 10. This assertion ignores the fact that the co-pending litigation in the *Aaron Brothers* Action is only a few months away from trial and this Court is being asked to grant requests to file for summary judgment based on Judge Folsom's claim construction ruling. In five months, this Court will preside over trial in the *Aaron Brothers* Action and will be well experienced with the patent-in-suit, claim construction, and the various Defendants' underlying technology and accused services that are very similar to each other. To force yet another judge in another district to "start from scratch" is a waste of judicial resources that overwhelmingly tips the balance in favor of denial of HEB's motion. *See Volkswagen III*, 566 F.3d at 1351; *SynQor, Inc. v. Ericsson Inc.*, No. 2:11-cv-00054, slip op. 9, 12 (E.D. Tex. Feb. 6, 2012) (Folsom, J.) (denying defendant's motion to transfer venue because "judicial economy weighs heavily against transfer" and "divorcing related cases in [the manner suggested by defendants] would be directly contrary to the purposes of Section 1404(a)").

Moreover, even if the Court severs the claims of all Defendants based on misjoinder, this Court could still consolidate the actions under 28 U.S.C. § 1407. HEB relies on *In re Pabst Licensing Digital Camera Patent Litigation*, 528 F. Supp. 2d 1357 (J.P.M.L. 2007), to support its contention that consolidation of the actions should not affect the Court's analysis of judicial economy. Motion at 11. However, in that case several of the defendants operated their

businesses from the proposed forum, not just one. *Id.* at 1357. Thus, a transfer of several of the cases to the proposed forum for pretrial consolidation was conducive to judicial economy, unlike this case.

      **b.  The other private factors are neutral, making the totality of the private factors weigh against transfer**

As far as the availability of the compulsory process to secure the attendance of witnesses is concerned, this "factor weigh[s] the heaviest in favor of transfer when a transferee venue is said to have 'absolute subpoena power.'" *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, Civil Action No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 104125, at *24 (E.D. Tex. Sept. 28, 2010) (citing *Volkswagen II*, 545 F.3d at 316). "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffman-La Roche Inc.*, 587 F.3d at 1338. Witnesses such as the prosecuting attorney, the principals of LBSI, and the inventor of the '516 Patent reside on the East and West Coast, meaning that neither this District nor the proposed transferee districts have absolute subpoena power over these witnesses - making this factor neutral. *See Eolas*, 2010 U.S. Dist. LEXIS 104125 at *24.

Additionally, the cost of attendance of willing witnesses cannot be simply analyzed by applying a rigid 100 mile radius rule. *Eolas*, 2010 U.S. Dist. LEXIS 104125, at *26 (*citing In re Genentech,* 566 F.3d at 1344). "When a particular witness will be required to travel a significant distance no matter where they testify, then that witness is discounted for purposes of the '100 mile rule' analysis." *Id.* LBSI's witnesses reside on the East and West Coast and would have to travel a greater distance to the Western District then to the Eastern District of Texas, which is also a much more convenient location for them near the offices of LBSI's counsel in Dallas than in San Antonio. Also, as the time for trial has not yet been set, there is no degree of certainty that the witnesses HEB has identified will all continue to reside in their present residence. The

cost of travel for HEB's witnesses does not outweigh the waste of judicial resources that an action involving the same patent-in-suit would create in another forum.

Moreover, although access to the source of proof must be considered, the reality of this case is that the accused infringing products are all websites and most if not all relevant documents will be in electronic form that can be transferred with ease. Thus, all of these factors are neutral, making the totality of the private factors weigh against transfer.

### 2. The Totality of the Applicable Public Interest Factors Weigh Against Transfer[4]

#### a. The amount of court congestion in both Districts is the same

Contrary to H.E.B.'s contention, this factor is neutral. The difference in median time for cases to proceed to resolution in the Eastern District of Texas and the Western District of Texas is only 1.2 months. *Compare* Court Statistics in the Eastern District of Texas, *with*, Court Statistics in the Western District of Texas *available at*

http://www.uscourts.gov/statistics/FederalCourtManagementStatistics/DistrictCourtsSep2011.aspx.

#### b. The Eastern District has a localized interest that should be decided at home

In patent litigation, the injury occurs at the place where "the infringing activity directly impacts on the interests of the patentee." *Trintec*, 395 F.3d at 1280. As HEB has conducted infringing activities in the Eastern District of Texas through its website and maintains many grocery stores in this district, the residents of this District have an interest in determining the outcome of this litigation. HEB claims that the Western District has a greater interest because its

---

[4] The "avoidance of unnecessary problems of conflict of laws of the application of foreign law" is not applicable to this case as only the Federal Rules apply, and Defendants have not identified it as an issue.

principal place of business is in San Antonio. Motion at 12-13. By this logic, only citizens of a corporation's home residence should ever determine whether that corporation's tortuous acts conducted elsewhere create any liability. This argument ignores all venue rules. *See, e.g.*, 28 U.S.C. §1391(a), (b), (e), (f), and (g) (venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). As the injury in this patent case has occurred here, the citizens here as well as LBSI have an interest in the outcome of the case.

   **c.**   **The Eastern District of Texas is more familiar with the laws that will govern this case**

This Court is much better suited to manage a large complex patent litigation matter than that of the Western District of Texas. An obvious indicator as to a proposed forum's ability to deal with patent cases is the existence of local patent rules. Unlike this District, the Western District of Texas has *no* local rules dealing specifically with patent matters. This Forum has well developed rules that define specialized procedures and timelines specific to patent suits as compared to general civil matters that do not deal with the same complex set of issues, such as a *Markman* hearing and all of its associated procedures. These specialized rules allow for efficient and predictable management of patent cases that benefit all parties and reflect this District's familiarity with the laws that will govern this case.

### IV. CONCLUSION

For the reasons stated above, the Court should deny Defendant HEB's motion to sever and in transfer to the Western District of Texas.

Dated:  May 21, 2012 Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Niky Bukovcan*
Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
LBSI INNOVATION, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 21st day of May, 2012.  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Niky Bukovcan*
Niky Bukovcan