**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS LLC, | § § | |
| Plaintiff; | § § | Case No. 2:11-cv-00407-MHS |
| vs. | § § | |
| BP AMERICA INC., et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANT H.E.B., INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND TRANSFER, AND NOTICE OF JOINDER IN DEFENDANTS STARBUCKS CORPORATION, TARGET CORPORATION, AND U.S. BANCORP'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR SEVER FOR MISJOINDER**

Defendant H.E.B., Inc. ("HEB") hereby joins the reply filed by the other defendants moving for severance,[1] and responds to several new arguments in Plaintiff LBS Innovations LLC's ("LBS") sur-reply on that motion.[2]  As to transfer, LBS ignores the convenience of the parties and witnesses in its case against HEB, assuming that potential judicial economy will outweigh it.  However, even precedent giving weight to judicial economy does not ignore the convenience of parties and witnesses.  Moreover, the potential for judicial economy rests primarily on LBS's hope that the Court will gain familiarity with its claims by trying cases against other defendants, which are still in their early stages.  The mere possibility of familiarity with the asserted patent does not outweigh numerous presently-existing considerations that make the Western District of Texas clearly more convenient for LBS's case against HEB.

**I.    LBS'S MISJOINDER OF MULTIPLE DEFENDANTS REQUIRES SEVERANCE.**

First, defendants do not assert that LBS's original action was "recommenced" upon filing of its amended complaint.[3]  Rather, under Fifth Circuit precedent defining "commencement" of an action, LBS had not commenced any action against HEB until it filed and served its amended complaint naming HEB as a defendant.  While LBS suggests that *Braud*'s and *Martinez*'s definition of "commencement" was driven only by notice or limitations concerns, Judge Stark in the District of Delaware recently used that same definition in applying 35 U.S.C. § 299 to an amended complaint for patent infringement filed after September 16, 2011.  In *SoftView LLC v. Apple, Inc.*,[4] SoftView filed its original complaint in 2010, but named several new defendants in an amended complaint that was served after September 16, 2011.[5]  The court found that actions against the defendants first named in the amended complaint could not have "commenced" for

---

[1]    Dkt. 130, filed Apr. 20, 2012.
[2]    Dkt. 142, filed Apr. 30, 2012.
[3]    Dkt. 142 at 2.
[4]    Civ. Action No. 10-389 (LPS) (D.Del. filed May 10, 2010).
[5]    Ex. A, Pl. SoftView LLC'S Second Am. Compl. for Patent Infringement, *SoftView LLC v. Apple, Inc.*, No. 10-389 (LPS) (filed Sept. 30, 2011).

- 1 -

purposes of § 299 until that amended complaint was served since, like HEB, those defendants "ha[d] no legal obligations" in the case before they were served, and "nothing that would have to occur upon the commencement of an action," such as scheduling or service of discovery, could have happened before then.[6] Thus, Judge Stark applied § 299 to the actions against the new defendants and, consistent with the statute's intent, severed those actions for separate infringement trials.[7] Nothing in Fifth Circuit law dictates a different result in this case.

Nor does *Gerber v. MTC Electronic Technologies Co.*, 329 F.3d 297 (2d Cir. 2003), alter this conclusion. In *Gerber*, the amended complaint named additional plaintiffs in class-action-like securities claims that were "identical" to the original plaintiffs' claims against the exact same defendants.[8] *Id.* at 310. In contrast, LBS has added new defendants in its amended complaint, and its claims against the new defendants are based on entirely different accused products that are not "identical" to each other or to those of the original defendants.[9]

## II. THE WESTERN DISTRICT OF TEXAS IS PLAINLY A MORE CONVENIENT FORUM FOR THIS LITIGATION ONCE SEVERED.

### A. Private Interest Factors

LBS repeatedly chides HEB for requesting transfer "out of convenience, not out of necessity." (Opp. at 1.) Of course, 28 U.S.C. § 1404(a) explicitly authorizes transfer of cases "[f]or the convenience of parties and witnesses, in the interest of justice," and well-settled law does not limit that authority to cases where transfer is "necessary" (whatever that would require).

---

[6] Ex. B, Oral Arg. Hr'g Tr. at 17:9-14 & 33:11 - 34:11, *SoftView LLC v. Apple, Inc.*, No. 10-389 (LPS) (May 3, 2012). SoftView had actually filed its motion seeking leave to amend its complaint before the effective date of § 299, placing the added defendants on notice of its claims. Nevertheless, the court stated that the motion for leave "simply asked permission to commence such an action," and that "it would be very odd to view an action as having been commenced" at a time when that request could have been denied. *Id.* at 33:23 - 34:5.

[7] *Id.* at 33:11-13.

[8] Similarly, *Newby v. Enron Corp.*, No. H-01-3624, 2004 U.S. Dist. LEXIS 8158 (S.D. Tex. Feb. 24, 2004) and *Pirelli Armstrong Tire Corp. v. Dynegy, Inc.*, 339 F. Supp. 2d 804 (S.D. Tex. 2004) involved limitations on class action claims under the Sarbanes-Oxley Act.

[9] The district court case that *Gerber* cited acknowledged the distinction between an action "commenced" by adding a plaintiff and an action "commenced" against new defendants who, like HEB, are "involuntary participants" that "do not control their appearance in a case." *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 976 F. Supp. 293, 297 (D.N.J. 1997).

LBS concedes that venue is proper in the Western District of Texas for its claims against HEB. Nor does LBS dispute that all of the evidence and witnesses relating to HEB's accused products are located in the Western District of Texas and no such evidence or witnesses are located in this District. LBS summarily dismisses HEB's witnesses in San Antonio on the grounds that "there is no degree of certainty that [HEB's witnesses] will all continue to reside in their present residence." (Opp. at 11.) Of course, witnesses in any case may relocate as the case progresses, but that possibility does not warrant ignoring or discounting their present locations in determining whether transfer is appropriate. LBS similarly attempts to moot HEB's documentation and computer servers in San Antonio, arguing that those documents may be transferred elsewhere electronically. As discussed in HEB's motion, this Court has repeatedly rejected LBS's rationale for ignoring the location of documentary evidence, including documents in electronic form,[10] and LBS makes no attempt to distinguish those prior holdings.

While LBS argues that witnesses on the East and West Coasts will have a shorter travel distance to Marshall than to San Antonio, LBS also acknowledges that travel distance for witnesses who will have to travel a significant distance no matter where they testify—like these witnesses—should be discounted. (Opp. at 11.) The convenience of these witnesses is better measured in terms of the cost and time of travel, which, as discussed in HEB's motion, should be substantially less for travel to San Antonio. LBS also suggests that its counsel's location in Dallas somehow makes the Eastern District a more convenient location for its witnesses (*id.*), a theory entirely unsupported by logic or law.

The only private factor that LBS argues as weighing against transfer is the possibility of judicial economy. As discussed in HEB's motion, the hope of judicial economy alone cannot bar transfer to a clearly more convenient forum. *See In re Morgan Stanley*, 2011-M962, 2011 WL

---

[10] Dkt. 126 at 5-6.

1338830, at *2 (Fed. Cir. Apr. 6, 2011).  HEB agrees with the Federal Circuit's guidance in *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), that analysis of the transfer factors, including judicial economy, requires "an individualized, case-by-case consideration of convenience and fairness."  *Id.* at 1346.  Rather than conducting an individualized analysis, LBS summarily dismisses the remaining factors as neutral, allowing judicial economy to trump them.

Even if judicial economy could have the paramount weight that LBS gives it, this factor does not preclude transfer of the case against HEB once severed.  LBS blanketly asserts that keeping the case in this District will necessarily result in judicial economy because LBS has filed other cases here, and "any additional suit that would be generated" by transferring this case to another jurisdiction "would involve … the same basic technology and accused products, and thus many of the same issues." (Opp. at 8.)  Undoubtedly this generalization is based on LBS's bald assumption that the defendants' accused products differ only in "stylistic preferences and Defendant specific information."  (*Id.* at 5.)  Given that LBS has accused websites designed and operated by at least twenty different defendants, the accused systems almost certainly have more than merely "stylistic" differences.  Moreover, LBS ignores that 35 U.S.C. § 299 already requires severance—and a separate trial—of LBS's claims against the various defendants, and does not account for the Court's present lack of familiarity with LBS's claims and its patent.

LBS does not dispute that, unlike Judge Davis' prior experience in *Vistaprint*, Judge Folsom's claim construction ruling in the *Aaron Brothers* action fails to make this Court more suited to handle this case than any other federal district court in the country.  This Court has received no briefing or argument on any of the patent-related issues in this case, and has made no patent-related rulings in any of LBS's pending cases since their re-assignment to the current judge.  Nevertheless, LBS insists that this Court will gain familiarity with these issues by presiding over trials in the other two cases involving the patent-in-suit, even though both of those

cases—like this one—are still in the pretrial stages and involve different defendants and different accused products. LBS's argument also assumes that those cases will not settle and will proceed to trial on schedule, a scenario that is far from certain at this stage.[11]

At this point, the most likely efficiencies from a consolidated proceeding are those from consolidated discovery and pretrial activities. However, multidistrict litigation can still provide those efficiencies following transfer, a notion that LBS does not appear to dispute. (Opp. at 10.) LBS attempts to distinguish *In re Papst Licensing Digital Camera Patent Litigation*, 528 F. Supp. 2d 1357 (J.P.M.L. 2007), because the defendants in this case are not located in the same area and thus there is no convenient forum in which to consolidate pretrial activities. Even if so, that problem will not be remedied by forcing HEB to proceed in this District, and thus does not weigh against transfer. Transferring HEB's severed case to the Western District at least serves the convenience of witnesses and facilitates access to evidence for trial of that case. If there are any efficiencies from consolidating pretrial proceedings with cases against other defendants in other venues, the parties can reap those same efficiencies under 28 U.S.C. § 1407.

### B. Public Interest Factors

LBS does not dispute the Western District's unique interest in resolving claims against HEB, and LBS identifies no local interest in this District that does not exist elsewhere in the state. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). Moreover, the Western District is no less equipped to manage and adjudicate LBS's claims against HEB than this Court. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (granting mandamus despite the transferor court being "highly experienced in patent infringement litigation"). This Court's patent rules do not alter that fact, as judges in the Western District would be free to use similar case management rules in the transferred case.

---

[11] Several defendants in the *Aaron Brothers* case have requested leave to file motions for summary judgment.

Dated:  June 1, 2012

Respectfully submitted,

*/s/ Scott F. Partridge*
Scott F. Partridge
Lead Attorney
State of Texas Bar No. 00786940
Elizabeth Durham Flannery *(pro hac vice)*
State of Texas Bar No. 24045815
Stephen Baehl
State of Texas Bar No. 24067036
One Shell Plaza, 910 Louisiana
Houston, Texas 77002
Telephone:  713.229.1569
Facsimile:  713.229.7769
scott.partridge@bakerbotts.com
liz.flannery@bakerbotts.com
stephen.baehl@bakerbotts.com

ATTORNEYS FOR H.E.B., INC.

## **CERTIFICATE OF SERVICE**

        I certify that on June 1, 2012 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served via facsimile and certified mail, return receipt requested.

                                                             */s/ Elizabeth Durham Flannery*
                                                             Elizabeth Durham Flannery