IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BP AMERICA INC., *et al.*,<br><br>Defendants. | Civil Action No. 2:11-cv-407-MHS-CMC<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff LBS Innovations, LLC ("LBSI") files this Second Amended Complaint against BP America Inc.; ConocoPhillips d/b/a ConocoPhillips Inc.; Choice Hotels International, Inc.; Costco Wholesale Corporation; Hyatt Corporation; KeyCorp; KeyCorp Finance Inc.; Marriott International, Inc.; McDonald's Corporation; Aldi Inc.; JP Morgan Chase & Co.; Giant Eagle, Inc.; H.E.B., Inc.; The Kroger Co.; Starbucks Corporation d/b/a Starbucks Coffee Co.; Target Corporation; U.S. Bancorp; Wal-Mart Stores, Inc.; and Wells Fargo Bank NA f/k/a Wells Fargo & Company (collectively the "Defendants") and alleges as follows.

PARTIES

1.      Plaintiff LBS Innovations, LLC, a Texas Limited Liability Corporation and successor in interest to LBS Innovations LLC, a New Jersey Limited Liability Corporation, has its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.      Upon information and belief, Defendant BP America Inc. ("BP") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 501 Westlake Park Boulevard, Houston, Texas 77079. BP has been served with process.

3. Upon information and belief, Defendant ConocoPhillips dba ConocoPhillips Inc. ("ConocoPhillips") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 600 N. Dairy Ashford St., Houston, Texas  77079.  ConocoPhillips has been served with process.

4. Upon information and belief, Defendant Choice Hotels International, Inc. ("Choice Hotels") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 10750 Columbia Pike, Silver Spring, Maryland  20901.  Choice Hotels has been served with process.

5. Upon information and belief, Defendant Costco Wholesale Corporation ("Costco") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 999 Lake Dr., Suite 200, Issaquah, Washington 98027-8982.  Costco has been served with process.

6. Upon information and belief, Defendant Hyatt Corporation ("Hyatt") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 71 S. Wacker Dr., Suite 1000, Chicago, Illinois  60606.  Hyatt has been served with process.

7. Upon information and belief, Defendant KeyCorp is a corporation organized and existing under the laws of the State of Ohio, and Defendant KeyCorp Finance Inc. is a corporation organized and existing under the laws of the State of Ohio.  These Defendants are collectively referred to herein as "KeyCorp."  Each of the KeyCorp entities has its principal place of business located at 127 Public SQ, Cleveland, Ohio  44114-1306.  Each entity has been served with process.

8. Upon information and belief, Defendant Marriot International, Inc. ("Marriott") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 10400 Fernwood Rd., Bethesda, Maryland 20817. Marriott has been served with process.

9. Upon information and belief, Defendant McDonald's Corporation ("McDonald's") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2111 McDonald's Dr., Oak Brook, IL 60523. McDonald's has been served with process.

10. Upon information and belief, Defendant Aldi Inc. ("Aldi") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1200 N. Kirk Road, Batavia, Illinois 60510. Aldi has been served with process.

11. Upon information and belief, Defendant JPMorgan Chase & Co. ("Chase") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1 Chase Manhattan Plaza, Floor 59, New York, New York 10005-1401. Chase has been served with process.

12. Upon information and belief, Defendant Giant Eagle, Inc. ("Giant Eagle") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 101 Kappa Drive, Pittsburgh, Pennsylvania 15238. Giant Eagle has been served with process.

13. Upon information and belief, Defendant H.E.B., Inc. ("H.E.B.") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at P.O. Box 839999, San Antonio, Texas 78283-3999. H.E.B. has been served with process.

14. Upon information and belief, Defendant The Kroger Co. ("Kroger") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202-1100.  Kroger has been served with process.

15. Upon information and belief, Defendant Starbucks Corporation d/b/a Starbucks Coffee Co. ("Starbucks") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 2401 Utah Ave South, Seattle, Washington 98134.  Starbucks has been served with process.

16. Upon information and belief, Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403-2467.  Target has been served with process.

17. Upon information and belief, Defendant U.S. Bancorp ("U.S. Bank") is a corporation organized and existing under the laws of the State of Minneapolis, with its principal place of business located at 800 Nicollet Mall, BC-MN-H19U, Minneapolis, Minneapolis 55402-7000.  U.S. Bank has been served with process.

18. Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business located at 702 Southwest 8th Street, #555, Bentonville, Arkansas 72716-6299.  Wal-Mart has been served with process.

19. Upon information and belief, Defendant Wells Fargo Bank NA f/k/a Wells Fargo & Company ("Wells Fargo") is a corporation organized and existing under the laws of the State

of California, with its principal place of business located at 420 Montgomery Street, San Francisco, California 94104. Wells Fargo has been served with process.

## JURISDICTION AND VENUE

20. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

21. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas. Therefore, this Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

23. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

24. On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 (the "'956 Patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

25. LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

26. Defendant BP has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website http://mybpstation.com/, which has a store or dealer location interface at http://www.bp.com/toolserver/heliospowertool/fuelStationSearch.do?categoryID=5580&contentId=0 ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, BP has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

27. Defendant ConocoPhillips has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.drivesavvy.com, which has a store or dealer location interface at http://www.drivesavvy.com/sitelocator/usstorelocator.aspx ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, ConocoPhillips has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

28. Defendant Choice Hotels has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website http://www.choicehotels.com/, which has a store or dealer location interface at www.clarionhotel.com ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Choice Hotels has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

29. Defendant Costco has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.costco.com, which has a store or dealer location interface at www.costco.com/warehouse/locator.aspx ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Costco has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

30. Defendant Hyatt has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.hyatt.com, which has a store or dealer location interface at http://www.hyatt.com/hyatt/features/index.jsp?type=clear ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the

alternative, Hyatt has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

31. Defendant KeyCorp has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.key.com, which has a store or dealer location interface at https://www.key.com/gen/html/bank-branch-atm--location.html?entity=BRCH&entity+ATM ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, KeyCorp has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

32. Defendant Marriott has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.marriott.com, which has a store or dealer location interface at www.marriot.com/default.mi and www.marriot.com/search/default.mi ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Marriott has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

33. Defendant McDonald's has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.mcdonalds.com, which has a store or dealer location interface at www.mcdonalds.com/us/en/restaurant_locator.html ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, McDonald's has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

34. Defendant Aldi has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.aldi.com, which has a store or dealer location interface at http://aldi.us/us/html/service/store_locator_ENU_HTML.htm?WT.z_src=main ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Aldi has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

35. Defendant Chase has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.chase.com, which has a store or dealer location interface at http://locator.chase.com ("Store Locator"), when its employees,

agents, or representatives use or test its website. In addition and/or in the alternative, Chase has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

36. Defendant Giant Eagle has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.gianteagle.com, which has a store or dealer location interface at www.gianteagle.com/StoreLocator/Default.aspx ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Giant Eagle has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

37. Defendant H.E.B. has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.heb.com, which has a store or dealer location interface at http://www.heb.com/find-a-store/find-a-store.jsp ("Store Locator") when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, H.E.B. has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

38. Defendant Kroger has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.kroger.com, which has a store or dealer location interface at http://services.kroger.com/StoreLocator/StoreLocatorAdvanced.aspx ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Kroger has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

39. Defendant Starbucks has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.starbucks.com, which has a store or dealer location interface at http://www.starbucks.com/store-locator ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Starbucks has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

40. Defendant Target has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.target.com, which has a store or dealer location interface at http://sites.target.com/site/en/spot/page.jsp?title=store_locator_new ("Store Locator"), when its employees, agents, or representatives use or test its website. In

addition and/or in the alternative, Target has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

41.     Defendant U.S. Bank has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.usbank.com, which has a store or dealer location interface at http://www.usbank.com/locations ("Store Locator"), when its employees, agents, or representatives use or test its website.  In addition and/or in the alternative, U.S. Bank has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

42.     Defendant Wal-Mart has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.walmart.com, which has a store or dealer location interface at www.walmart.com/storeLocator/ca_storefinder.do ("Store Locator"), when its employees, agents, or representatives use or test its website.  In addition and/or in the alternative, Wal-Mart has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

43. Defendant Wells Fargo has been and/or is now directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.wellsfargo.com, which has a store or dealer location interface at http://www.wellsfargo.com/locator ("Store Locator"), when its employees, agents, or representatives use or test its website. In addition and/or in the alternative, Wells Fargo has been and/or is now indirectly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.

44. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '956 patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

45. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

46. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and LBSI is thus entitled to an award of its reasonable attorneys' fees.

### DEMAND FOR JURY TRIAL

47. LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1. Defendants have infringed the patent-in-suit;

2. Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 26, 2012 Respectfully submitted,

                                **BUETHER JOE & CARPENTER, LLC**

By: */s/ Christopher M. Joe*
     Christopher M. Joe (Lead Counsel)
     State Bar No. 00787770
     Chris.Joe@BJCIPLaw.com
     Eric W. Buether
     State Bar No. 03316880
     Eric.Buether@BJCIPLaw.com
     Brian A. Carpenter
     State Bar No. 03840600
     Brian.Carpenter@BJCIPLaw.com
     Niky Bukovcan
     State Bar No. 24078287
     Niky.Bukovcan@BJCIPLaw.com
     Mark D. Perantie
     State Bar No. 24053647
     Mark.Perantie@BJCIPLaw.com

     1700 Pacific Avenue, Suite 4750
     Dallas, Texas 75201
     Telephone: (214) 466-1272
     Facsimile: (214) 635-1828

     **ATTORNEYS FOR PLAINTIFF**
     **LBS INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 26th day of July, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                                  */s/ Christopher M. Joe*
                                                  Christopher M. Joe