## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, <br>     Plaintiffs, <br><br> v. <br><br> BP AMERICA, INC., et al., <br>     Defendants. | § § § § § § § § § § | CASE NO. 2:11-cv-407-JRG <br> **LEAD CASE** |
| LBS INNOVATIONS, LLC, <br>     Plaintiffs, <br><br> v. <br><br> SALLY BEAUTY SUPPLY LLC, et al., <br>     Defendants. | § § § § § § § § § § § | CASE NO. 2:11-cv-409-JRG |
| LBS INNOVATIONS, LLC, <br>     Plaintiffs, <br><br> v. <br><br> ALFRED ANGELO, INC., et al., <br>     Defendants. | § § § § § § § § § § § | CASE NO. 2:12-735-JRG |
| MICROSOFT CORPORATION, <br>     Plaintiffs, <br><br> v. <br><br> LBS INNOVATIONS LLC and <br> LBS INNOVATIONS LLC, a Texas LLC, <br>     Defendants. | § § § § § § § § § § § | CASE NO. 2:12-cv-759-JRG |

## **CONSOLIDATION ORDER**

The passage of the Leahy-Smith America Invents Act ("AIA"), which clarified the joinder requirements for cases alleging patent infringement, has resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket.  Similarly, the Federal Circuit's recent *In re EMC Corp.* decision leads to a nearly analogous result for pre-AIA filings because multi-defendant cases may be severed "[u]nless there is an actual link between the facts underlying each claim of infringement."  677 F.3d 1351, 1360 (Fed. Cir. 2012).  Such serially filed or severed cases, by their nature, involve common issues of law or fact, including claim construction and validity.  "If actions before the Court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  In applying Rule 42, a court has considerable discretion.  *In re EMC Corp.*, 677 F.3d at 1360; *see also Lurea v. M/V Albeta*, 625 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'").

Accordingly, each of the above-captioned cases are hereby **ORDERED** to be **CONSOLIDATED** for all pretrial issues (except venue) with the first-filed action, Cause No. 2:11-cv-407.  All parties are instructed to file any future motions (except relating to venue) in the first-filed case.  Individual cases remain active for venue determinations and trial.  The Court will enter one docket control order, one protective order, and one discovery order that will govern the entire consolidated case.  The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case.  To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket that may also be

appropriate for consolidation with this case.

This Order relieves the parties to the *Alfred Angelo* action (2:11-cv-735) of their obligation to engage in a Rule 26(f) conference.  For the purposes of clarity, consistency and efficiency, the Court sets the following *Markman* hearing, pretrial conference and jury selection dates to apply to all parties to the consolidated action, regardless of whether they have yet responded to the complaint:

    *Markman* **Hearing:**   June 6, 2013 at 1:30 pm

    **Pre-Trial Conference:**  December 17, 2013 at 1:30 pm

    **Jury Selection:**    January 6, 2014 at 9:00 am

The parties are **ORDERED** to submit revised docket control and discovery orders, reflecting the dates above and consistent with the format shown on the undersigned's website, within seven (7) days.

So ORDERED and SIGNED this 11th day of February, 2013.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE