IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 2:12-CV-00407-JRG |
| § | |
| BP AMERICA INC., *et al.*, § | **LEAD CASE** |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Consolidated Motion for Summary Judgment of Noninfringement (Dkt. No. 472), filed October 15, 2013. The Court heard argument on this Motion on December 12, 2013, and announced from the bench on January 3, 2014, that the Motion would be Granted-in-Part. This opinion explains the Court's reasoning and orders specific relief in conformity with such ruling.

## I. BACKGROUND

Plaintiff filed suit against a variety of defendants on September 14, 2011, alleging infringement of Claim 11 of United States Patent No. 6,091,956 ("the '956 patent"), entitled "Situation Infromation System." The patent relates generally to a system for providing up-to-date information relevant to a user's location. The accused products are all "store locator" functionalities of Defendants' websites, which provide information to Defendants' customers regarding the location of Defendants' brick-and-mortar stores as well as information pertaining to those stores.

## II. LEGAL STANDARDS

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because . . . [it] . . . may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The Court must draw all reasonable inferences in favor of the non-moving party. *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880 (Fed. Cir. 1998).

A determination of infringement requires a two-step analysis. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998). "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Id.* (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "Literal infringement requires that every limitation of the patent claim be found in the accused device." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997).

## III. ANALYSIS

### A.   The Data Field Limitation

Defendants' first argument concerns the "data field" limitation of Claim 11. Claim 11 recites a method of communicating certain data to a user comprising, among other things, "searching each of one or more unique mappable information code sequences . . . for a field

containing geographical coordinates, said each of said code sequences includes an item reference field, a name field, a location field including said geographical coordinates, and a data field." The Court has construed "data field" to mean

> a field that provides: (1) information as to whether the item's symbol, icon, or name is capable of being included with other items in an executably selectable menu that appears on the user's computer display and (2) information as to whether the item is to be included in a map displayed on the user's computer, and, if displayed, whether the item's symbol, icon, or name can be subsequently selected to provide additional information about the item.

(Dkt. No. 395, at 29). Defendants argue that none of the accused locators satisfy the "data field" limitation of the "searching" step of Claim 11 of the '956 patent.

Plaintiff argues that it has identified "at least one or more fields searched by a user's computer that include information regarding whether and how a mappable item should be displayed on a map satisfying the Court's construction." (Dkt. No. 477, at 6). Defendant argues that no *single* identified field contains all of the data specified by the Court above, and that thus no single "data field" and the accused products do not infringe the '956 patent.

Defendants do not contend that any single field of the accused locators contains all of the information required in the court's construction, but argues that no *single* field is required to meet the data field limitation. It argues instead that if, by combining the contents of *multiple* fields, all of the information required by the data field limitation is met, then the limitation as a whole is met. In support of this argument Plaintiff cites the familiar *Baldwin* rule that the indefinite article "a" means "one or more." *See Baldwin Graphic Sys., Inc. v. Sibert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008). Plaintiff misapplies this rule here. A code sequence comprising "a" data field must include one or more data fields—that is, one or more fields, each of which contains all information necessary to be considered a "data field." It is *not* the case that

the data field limitation should be read as a requirement that one or more fields, combined, may be considered to be a data field if they contain adequate information.

Plaintiff's argument is essentially that if multiple fields, taken together, perform the job of a single data field, then they satisfy the data field limitation. This is effectively an argument under the doctrine of equivalents, rather than an argument about literal infringement. If the claim requires a single data field, and no such field exists, then the claim is not infringed. Thus, summary judgment of no literal infringement is appropriate here.

Defendants *also* ask for summary judgment of noninfringement of the data field limitation under the doctrine of equivalents. On this issue, however, Defendants are on much less secure ground. Plaintiffs' expert report establishes the existence of an issue of material fact as to whether Defendants' locators contain an equivalent of the data field by simply having multiple fields perform the same function in the same way, with the same result. *See Voda v. Cordis Corp.*, 536 F.3d 1311, 1326 (Fed. Cir. 2008). Accordingly, summary judgment of noninfringement is not appropriate because a triable issue of material fact exists as to whether Defendants infringe under the Doctrine of Equivalents.

    B.    <u>Pre-Lawsuit Inducement</u>

Defendants also ask the Court for summary judgment that Defendants cannot be liable for induced infringement stemming from infringement prior to the dates on which Plaintiff filed suit against each Defendant. Plaintiff has stipulated that Defendants had no knowledge of the '956 patent prior to the filing of Plaintiff's suit (Dkt. No. 514, at 8). Such knowledge is a prerequisite for liability under a theory of induced infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2013). Accordingly, there can be no triable issue of material fact as to

induced infringement before the date on which it is stipulated that Defendants first became aware of the existence of the '956 patent.

## IV. CONCLUSION

Defendants have demonstrated that they are entitled to summary judgment of no literal infringement on the basis of the lack of a single data field in the accused products. They have also demonstrated that they are entitled to summary judgment of no induced infringement prior to Plaintiff's filing of a lawsuit against Defendants. Accordingly, Defendants' Motion is **GRANTED IN PART** consistent with the opinion above. In all other respects, the Court finds that Plaintiffs have produced sufficient evidence to raise triable issues of material fact which precludes the entry of summary judgment. Accordingly, in all respects other than those specifically set forth above, Defendants' Motion is **DENIED**.

So ORDERED and SIGNED this 6th day of January, 2014.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE